THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LUIGI J. RESCINITI, Appellant.

County Court, Cortland County, March 15, 1948.

*Nathan Hankin* for appellant.

*John J. Gardner, District Attorney,* for respondent.

AMES, J. The defendant-appellant, Luigi J. Resciniti, a resident of the city of Binghamton, Broome County, was arrested on the 14th day of August, 1947, by a police officer of the village of Marathon in this county on a charge of violating section 51 of the ordinances of said village. Section 51 of the village ordinances provides in substance that no person shall drive or operate an automobile, motor truck or other motor vehicle on any street or highway in the village at a greater speed than thirty miles an hour and further provides penalties for a violation thereof. The defendant-appellant entered a plea of not guilty on arraignment and was represented by counsel at his trial before the Police Justice of the village on the 18th day of August, 1947. The matter was tried without a jury and the People were represented by Phillip M. Smith, Esq., then District Attorney of the county of Cortland. At the conclusion of the trial, the court found the defendant-appellant guilty as charged and imposed a fine of $15 which was paid under protest. An appeal has been taken to this court and submitted on briefs, oral argument being waived. The only change in parties or counsel is the substitution of Mr. Gardner for Mr. Smith, Mr. Gardner having taken over the duties of District Attorney on January 1, 1948.

The affidavit of appellant's attorney attached to the notice of appeal herein alleges four errors committed during the trial as reasons for reversal. It is alleged generally that the trial court erred in ruling upon admission and rejection of testimony; also in limiting right of cross-examination. It is alleged the trial court erred in denying defendant's motion for dismissal, both at the close of the People's case and at the close of the defendant's case, on the ground the People failed to prove that section 51 of the village ordinances has been duly adopted and that all the conditions and requirements imposed by section 54 of the Vehicle and Traffic Law pertaining to the erection of signs, posting and publication of the ordinance and the filing of a copy of the same with the Secretary of State had been complied with. It is alleged generally that the proof was wholly

insufficient to establish a violation of section 51 of the village ordinances. And finally, it is alleged the information was insufficient because it failed to set forth that section 51 of the village ordinances had been duly adopted, or that Cortland Street, where it states the alleged violation took place, was a public highway, and that, therefore, the motion for a dismissal of the information should have been granted.

The information in this case consists of an affidavit made by Harold S. Wood, the arresting officer. Its wording and form would indicate an intention to comply with the requirements of sections 145, 148 and 149 of the Code of Criminal Procedure. No question of jurisdiction is raised by the defendant-appellant here because of the lack of a separate deposition and information, but an examination of the authorities would seem to indicate no objection to this method of procedure providing the instrument prepared is complete enough to comply with the requirements of the three sections of the Code of Criminal Procedure above mentioned. The test seems to be whether it sets forth sufficient facts to authorize a warrant without further evidence. (See *People* v. *Rapoport,* 261 App. Div. 484.) The particular instrument here designated by counsel as an information states that deponent arrested defendant-appellant on the 14th day of August, 1947, on Cortland Street in the village of Marathon, Cortland County, where he (deponent) found him (defendant-appellant) violating section 51 of the village ordinances of the village of Marathon, New York, by driving an automobile, motor truck, or other motor vehicle at a greater rate of speed than thirty miles per hour for a distance of over one eighth of a mile. The instrument goes on to say deponent forthwith apprehended defendant and has brought him before the Police Justice for examination upon said charge. It further states deponent was, at the time of the arrest, a policeman and one of the peace officers of the village and county. It is true it does not state in so many words that section 51 of the village ordinances of the village of Marathon was duly adopted, nor does it state in so many words that the conditions of section 54 of the Vehicle and Traffic Law were observed or complied with. Nevertheless, the village ordinance alleged to have been violated is incorporated by reference therein, and it does accomplish its purpose: that of informing the defendant of the charge against him. Informations and indictments are similar in purpose. They constitute the legal process through which criminal prosecutions are initiated, but it is not necessary

that the information be prepared with the same care as an indictment, and it need not set forth matters of which judicial notice may be taken by the court. (See Code Crim. Pro., § 286; *People* v. *Hirshon,* 43 N. Y. S. 2d 764.) A reading of the whole affidavit, and examination of many cases relevant thereto, warrants the conclusion, in my opinion, it is sufficient in form and contents to confer jurisdiction here.

Prior to the enactment of section 344-a of the Civil Practice Act in 1943 (L. 1943, ch. 536), and the effective date, September 1st of that year, a court was not permitted to take judicial notice of village or city ordinances and it was necessary they be proved strictly pursuant to section 388 of the Civil Practice Act. The enactment of section 344-a above referred to changed substantially the powers of a trial or appellate court in this respect. It was passed by the Legislature following the recommendation of the Judicial Council and a most interesting discussion on the matter is set forth in the Ninth Annual Report of the New York Judicial Council, 1943, pages 271 through 303. Under this section, a court in its discretion may now take judicial notice of certain matters of law including '' An ordinance, resolution, by-law, rule or proceeding of the appropriate governing body of any city, county, town or village within this state.'' Subdivisions B and C of this section were taken from section 391 of the Civil Practice Act, last three sentences, and as rewritten in subdivision C states '' Where a matter of law specified in this section is judicially noticed, the court may consider any testimony, document, information or argument on the subject, whether the same is offered by counsel, a third party or discovered through its own research.'' Subdivision D provides '' The failure of either party to plead any matter of law specified in this section shall not be held to preclude either the trial or appellate court from taking judicial notice thereof.''

Applying here the permission granted by this comparatively new section, it would seem the trial court and this appellate court may take judicial notice as a matter of law, of the ordinance in question. The trial court, it is fair to assume, certainly is familiar with the ordinances of the village he represents in a judicial capacity and there has been furnished on this appeal by the District Attorney ample documentary proof that section 51 of the ordinance was adopted by the board of trustees of the village of Marathon. No question has been raised here by the appellant relative to the legality of its adoption, that is full and complete compliance with the provisions of the Village Law applicable to the adoption of ordinances, and in the

absence of any question of fact on this point, this court takes judicial notice as a matter of law of section 51 of the ordinance and holds that failure to prove its adoption and publication does not constitute grounds for reversal.

Likewise, appellant's contention that evidence was not offered by the People to prove Cortland Street, on which it is alleged the violation occurred, was a public street within the village of Marathon would seem to have little merit. That it is such a public street or highway within such village is a matter of common knowledge in this community, and a matter of law of which the trial court undoubtedly did, and this court does, take judicial notice.

Section 54 of the Vehicle and Traffic Law imposes an obligation on the authorities of a city or village desiring to adopt an ordinance, rule or regulation limiting the speed of motor vehicles and motorcycles on its public highways. This obligation is imposed by permitting the adoption of such ordinance, rule or regulation on condition that a sign or signs containing certain information and of a designated size be erected by the village authorities at certain places and at a required distance from the street or highway. On the trial of this case, no evidence was offered by the People showing compliance with this requirement. This court has been furnished by the District Attorney with certain documentary proof that such signs have actually been erected, and on the authority of *People* v. *Space* (182 Misc. 783) it is urged the court may take judicial notice thereof under section 344-a above mentioned. However, the erection of these signs is a condition precedent to the enforcement of an ordinance, rule or regulation and whether or not the signs are there seems to me to be a question of fact, one that can only be determined by a court or jury following the presentation of such evidence as is available at the time of trial. There seems no question of law involved until such evidence has been offered and then solely on the application of the requirements of section 54 to the evidence as given. And while the provisions of subdivision C of section 344-a would seem to permit a court to consider testimony, documents, information and argument, regardless of source, or make discovery through its own research, in its effort to apply the other provisions of the section, there must be some limit to the powers conferred. I do not believe it was the intention that a court, trial or appellate, would have power to supply on its own initiative and as a result of its own inquiry certain facts missing

from the evidence but necessary to sustain a decision. Nor does it seem reasonable that facts required to sustain a decision but missing from the record may later be offered in documentary form on an appeal by counsel or a third party. From the documentary proof presented the court on this appeal, there seems little question that the signs were purchased and erected as required by law, but if this be a question of fact as I am holding here, then it should have been proven on the trial and the defendant through his attorney thereby afforded his right of cross-examination and contrary evidence. If this reasoning be correct, then it follows that judicial notice of the actual posting of signs following the adoption of an ordinance by a village board cannot be taken by a trial or appellate court under section 344-a but must be proved by competent evidence in the course of the trial. Applying this reasoning to the present case, I am unable to find and take judicial notice as a matter of law that signs were posted as required by section 54 of the Vehicle and Traffic Law.

The questions raised on this appeal relative to the admission and rejection of evidence, the limitation of the right to cross-examination and weight of evidence need not be considered because of my intention to reverse this decision on other grounds. Had evidence been supplied on the trial showing compliance with the requirements of section 54 of the Vehicle and Traffic Law, with respect to the signs mentioned, in my opinion the conviction would have been warranted. That such evidence can be supplied is apparent. The appeal is granted, the conviction here reversed and a new trial ordered.