THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EUGENE D. WADSWORTH, Appellant.

County Court, Nassau County, June 14, 1950.

*Eugene D. Wadsworth,* appellant in person.

*Frank A. Gulotta, District Attorney (Henry P. DeVine* of counsel), for respondent.

CHRIST, J. This is an appeal from a judgment of the Police Court of the Incorporated Village of Roslyn, convicting the defendant of a violation of an ordinance of that village prohibiting the operation of a motor vehicle at a rate of speed in excess of twenty-five miles per hour.

There is no dispute that the speed limit fixed by the ordinance was exceeded, but defendant contends that the ordinance is unenforcible since no sign indicating the end of a speed zone was placed at the boundary line leaving Roslyn as required by section 54 of the Vehicle and Traffic Law.

It appears that signs indicating the speed limit were erected at the commencement of the speed zone on all major highways entering Roslyn but that there was no sign indicating the end of the speed zone on the highway on which the alleged violation took place. It further appears that no sign was erected in the adjacent village of Flower Hill at the boundary of the Roslyn speed zone on the highway in question, indicating the commencement of another speed zone established either by the State Traffic Commission or by the Village of Flower Hill.

The rate of speed at which motorists are permitted to travel on public highways generally throughout the State is fixed by section 56 of the Vehicle and Traffic Law. That section in addition to limiting the rate of speed at intersections, school crossings, etc., specifically declares that a speed in excess of fifty miles per hour, unless a greater rate is fixed by the State Traffic Commission, shall be unlawful. Section 90 of the

Vehicle and Traffic Law limits the legislative bodies of cities and villages, in passing and enforcing ordinances regulating traffic, to those which are not inconsistent with the provisions of the Vehicle and Traffic Law. The permission granted to cities and villages to pass, enforce or maintain ordinances restricting the speed of motor vehicles is found in section 54 of the Vehicle and Traffic Law. This grant of power to the cities and villages is subjected, however, to certain specific conditions and limitations. The power to alter the general speed limit of the State within a village is to be exercised only upon full notice to the highway user. At the entrance to the village a sign of specific dimensions and lettering must be erected upon the main public highways, showing the village speed limit and upon leaving the village a further sign must show the end of the village speed zone. Where, however, either the State Traffic Commission or an adjacent village has established a speed zone, it is not necessary to erect an end of speed zone sign. Insofar as is here material, section 54 of the Vehicle and Traffic Law provided: "In addition each city or village which so limits the speed of motor vehicles and motor cycles shall place conspicuously on a post not more than fifteen feet from the travelled portion of the highway, on the right hand side of each main public highway leaving the city or village, a similar sign indicating the end of the speed zone, provided, however, that if the state traffic commission establishes a speed zone commencing at the boundary of any such city or village, or if a speed zone established by another city or village commences at the boundary of any such city or village, such a sign need not be provided."

This statute recognized that in some cities and villages a speed limit of fifty miles per hour would be entirely too fast and would endanger persons and property. A lesser rate is authorized for these civil divisions of the State, provided adequate notice is given to the driving public. This notice is to be given by signs placed on the highway and the statute is express and detailed upon the kind and location of such signs. Two are required, one showing the commencement and the other the end of the speed zone. A motorist may be presumed to know that the general speed limit through the State as fixed in the Vehicle and Traffic Law outside of cities and villages is fifty miles an hour, but it would not be possible or reasonable to expect that the millions of motorists should be aware, without specific notice, of the various and special speeds in the sixty cities and

five hundred sixty-six villages in this State. He would unwittingly pass from one zone to another. It is not enough to know when a speed must be reduced below the State limit but the public must also know when the higher speed may be resumed.

The only circumstance in which the end of speed zone may be dispensed with is where either an adjoining village or the State Traffic Commission has legally fixed a rate of speed different than the general State speed limit in the territory next adjoining the village. In either of such cases, a sign would have to be set up showing the new speed zone. In such a case, the statute dispenses with the need for an end of speed zone sign. In this case there were no signs indicating either an end of speed zone or a new speed zone in the territory next adjacent to the village. Strict compliance with the statute in respect to the placement of signs is a necessary condition for the establishment by a city or village of a speed zone different than that of the general speed zone of the State. (*People* v. *Schrader,* 172 Misc. 246; *People* v. *Resciniti,* 191 Misc. 719; *People* v. *Hirshon,* 43 N. Y. S. 2d 764.) Since, therefore, it affirmatively appears that there was no compliance with the requirements of law which prescribes the erection of an end of speed zone sign, the ordinance is unenforcible and the conviction of the defendant is improper. Judgment reversed and fine remitted.