George C. Wildermuth, Police Justice.
The defendant is charged with a violation of subdivision 24 of section 81 of the Vehicle and Traffic Law which reads in part as follows: “ The driver of a vehicle overtaking or meeting an omnibus which has stopped for the purpose of receiving or discharging passengers, shall bring his vehicle to a complete stop, and keep it stationary until such omnibus shall resume motion, or until signalled by the driver to proceed, provided flashing red signal lights and signs designating" the omnibus as a school omnibus are displayed on such omnibus ”. The portion of this section not quoted is unimportant for the purposes of this case.
Upon arraignment the defendant pleaded “ guilty ”, but the court, upon being informed of some of the facts, felt that there should be a plea of “ not guilty ” entered so that the question of law involved might be determined upon all of the facts. A plea of “ not guilty ” was then ordered.
The facts adduced upon trial are that the defendant was driving an automobile east on Manor Road, Garden City, N. Y. on June 7, 1957 at 8:21 a.m. and at that time a school bus was stopped, facing south on the westerly side of Wilson Street about eight feet north of the northwesterly curb line of Manor Road and Wilson Street, receiving school children, and plainly in view of the defendant. The school bus was equipped with the required signal lights and signs. Wilson Street ends at Manor Road because the Long Island Rail Road tracks are just to the south of and parallel with Manor Road.
This is not the usual case of a vehicle passing a school bus proceeding on the same street and coming from either the rear or front of the bus, but one of crossing in front of a school bus at an intersection.
Children are notoriously careless and irresponsible and need protection when traveling in groups to and from school. When *180 getting in or out of a school bus it is impossible to know where children will dart or chase each other. The Legislature recognized this by enacting the section in question. This law was not enacted to inconvenience drivers of automobiles, but rather for the protection of children. It is, therefore, of the utmost importance to determine whether or not under these or similar circumstances there is a violation of this section.
I find no reported case in point and shall, therefore, attempt to interpret the intent of the Legislature. What is the meaning of “ overtaking or meeting ”? Webster’s Collegiate Dictionary (5th ed.) defines ‘‘ meeting * * * 2. A junction, intersection, or confluence and upon defining “ junction * * * 2. The place or point of union; specif., the place where lines of a railway meet or cross.” Funk & Wagnall’s College Standard Dictionary defines ‘ ‘ Meet — come together; to approach each other so as to arrive at the same place; as where the roads meet.” Webster’s Universal Dictionary defines ‘‘ Meet — To come together, as by approach from opposite or different directions.”
From the foregoing, it is apparent that the Legislature intended it to be a violation if a vehicle met or crossed a school bus or where a vehicle and school bus could arrive at the same place or come together in opposite or different directions. That is exactly what happened in this case.
In the ordinary, usual street intersections in residential areas there are four corners and homes on all four sides, so that a child’s home could well have been at or near any one of the corners and a child could have been compelled to cross in front of an automobile to reach his home. In the case at bar, the railroad being on the south, without a crossing, it would not be likely that a child either entering or leaving a school bus would be coming from or going to the railroad tracks. Nevertheless, it is quite possible that children would be chasing one another or running in any direction. Had the defendant’s automobile been traveling in a westerly direction a few feet from the northerly curb it would have been about 11 or 12 feet in front of the bus. Again I say that the safety of children is of paramount importance.
Although I find the defendant to be guilty, nevertheless, the defendant having originally pleaded guilty, but by reason of the court’s order having been compelled to attend court at the trial and again upon sentence, I feel that this warrants a suspended sentence.
Defendant guilty. Sentence suspended.