Louis G. Bruhn, J.
This is an appeal on behalf of the defendant from a conviction for a violation of subdivision 1 of section 1 of article 2 of the Traffic Code of the City of Kingston, New York (Speeding) rendered 'by the Hon. Aaron Klein, Judge of *816 the City Court of the City of Kingston, New York, on the 9th day of September, 1959.
While some 10 alleged errors are contained in the defendant’s affidavit of errors, most of them involve the question of compliance with section 1640 ei seq., formerly contained in section 54 of the Vehicle and Traffic Law of the State of New York.
In the first place, section 1682 of the Vehicle and Traffic Law, effective July 1, 1958, provides in part: ‘ ‘ Local authorities in their respective jurisdictions shall place and maintain such traffic-control devices as they may deem necessary to indicate and carry out the provisions of this chapter or local traffic ordinances, orders, rules or regulations or to regulate, warn, or guide traffic.' All such traffic-control devices hereafter erected and the place and manner of installation thereof shall conform to the state manual and specifications. * * # The continued use of traffic-control devices presently in place, on hand or on order is authorized.” (Italics supplied.)
It is the considered opinion of this court that the intent of the Legislature in enacting the italicized portion of such section was to relieve local authorities from the expense of immediately replacing all existing signs with new ones to conform to the current requirements.
Furthermore, the Legislature went even further to enable local authorities not alone to continue the use of the signs already in place but even to utilize, for replacement, those presently on hand and even those on order up to July 1, 1958.
Nowhere is there any suggestion that existing signs must be replaced so long as they conform to old section 54.
The State Manual, if anything, has liberalized the requirement with regard to placement, size of lettering, etc., so that proof of conformance with former section 54 of the Vehicle and Traffic Law would be sufficient to sustain the burden of proof required by the new regulations.
In passing, it is interesting to observe that subdivision (b) of section 1110 of the Vehicle and Traffic Law provides in part:
“ No provision of this title for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is' not in proper position and sufficiently legible to be seen by an ordinarily observant person.”
In the case of People v. Wadsworth (200 Misc. 1049) at page 1052 the court stated: “ Strict compliance with the statute in respect to the placement of signs is a necessary condition for the establishment by a city or village of a speed zone different than that of the general speed zone of the State. ’ ’
*817 Such quantum of proof was required by lower courts for some time. (People v. Longo, 9 Misc 2d 171.)
It would now seem, however, that the rule of strict compliance has yielded to one of substantial compliance.
In the case of People v. Burmann (307 N. Y. 871, 872) the defendant unsuccessfully argued “ that the placing of a sign on Franklin Avenue about 500 feet within the village limits instead of on the boundary line, as provided in section 54 of the Vehicle and Traffic Law, prohibited enforcement of the village ordinance limiting speed.”
More recently in the case of People v. Lathrop (3 N Y 2d 551) at page 553, the Court of Appeals stated: “ There is ample evidence in the record to establish that section 54 of the Vehicle and Traffic Law was substantially complied with by the placement of speed signs in such a manner and at such locations as to afford this defendant fair notice of the limits of speed within the village (see People v. Burmann, 307 N. Y. 871).” (Italics supplied.)
This court, therefore, agrees with the Kingston City Court “ that a sufficiency of such proof appears in this record to disclose that this defendant was afforded fair notice of the speed limit of this city.”
Another alleged error raised by the defendant is that the City Court could not take judicial notice of either the ordinance in question or compliance with it.
The defendant is correct in his latter contention since it has been repeatedly held that courts cannot take judicial notice of these facts. (People v. Hilton, 8 Misc 2d 151.)
However, it has likewise been repeatedly held, since the enactment of section 344-a of the Civil Practice Act, that judicial notice may be taken by a court, even an appellate court, of “ An ordinance, resolution, by-law, rule or proceeding of the appropriate governing body of any city, county, town or village within this state.” (People v. Resciniti, 191 Misc. 719, 722.)
Therefore, since the court had power to take judicial notice of the ordinance in question and since the court in its return stated that it “has not taken judicial notice of such posting” no basis for reversible error has been established by the defendant in that regard.
Only one other alleged error worthy of comment remains and that concerns itself with the allegation: “ That the judgment of conviction is contrary to law and against the weight of the evidence, and improper evidence was received by the trial court.”
The answer to such alleged error, which was directed primarily to the evidence with regard to a speedometer reading *818 and the opinion of the arresting officer, is found in the case of People v. Dusing (5 N Y 2d 126).
After having referred to the cases of People v. Magri (3 N Y 2d 562); People v. Heyser (2 N Y 2d 3.90) and People v. Marsellus (2 N Y 2d 653) the court at page 128 stated: “ The sum of the combined Magri, Peyser and Marsellus holdings is: first, that a reading from an untested speedometer or radar device is admissible but is not without more sufficient for a speeding conviction; and, second, that the resulting deficiency in proof can be supplied by the testimony of qualified observers. ’ ’
In the Heyser case (supra) at page 394 the Court of Appeals stated: “In those cases in which testimony of a patrolman as to the speed of defendant’s car was found to be insufficient, when supported only by the reading of an untested speedometer, there was no evidence in the record as to the expertise of the patrolman in judging speed (People v. Matthews, 4 Misc 2d 278, supra; People v. Rothstein, 1 Misc 2d 516, supra), or the patrolman did not have an adequate opportunity for observation of defendant’s car (People v. Greenhouse, 4 Misc 2d 692, supra).” (See, also, People v. Schroeder, 9 Misc 2d 466; People v. Harndon, 15 Misc 2d 100.)
The case of People v. Tanner (6 Misc 2d 1007) suggests an acceptable test to be applied in determining the question of qualification.
That court, at page 1010, stated: “ To summarize, in a prosecution for the infraction of speeding in order that a witness may be qualified to estimate and express an opinion as to the rate of speed in miles per hour there should be proof of relevant ingredients sufficient to constitute experience in that particular category, and the burden of proof thereof is with the People. The proof should be based on specific experience and familiarity with motor vehicles and their speed and not on the casual observation of general experience.”
The People met such test in the instant case.
Therefore, for the reasons stated, the judgment of conviction is affirmed on both the law and the facts.
Submit order accordingly.