J. Kenneth Servé, J.
The defendant was convicted in a Court of Special Sessions of the Town of Barre, Orleans County, New York, on August 16, 1960, for a violation of subdivision 4 of section 56 of the Vehicle and Traffic Law of the State of New York. The defendant appeals from this conviction and from the fine of $15 imposed upon him. The information charged the defendant with operating his motor vehicle in the Town of Barre in a restricted zone where the speed was limited to 35 miles per hour and where signs were legally erected which gave notice that the State Traffic Commission had limited speed in such zone.
Subdivision 4 of section 56 provides as follows: “ No person shall operate a motor vehicle or motorcycle in any speed zone established pursuant to the provisions of subdivisions one or two of sections ninety-five-c of this chapter, at a speed greater than the maximum speed limit established therein by the state traffic commission.”
Section 95-c of the Vehicle and Traffic Law was repealed by chapter 698 of the Laws of 1957 and the effective date of repeal was July 1, 1958. By chapter 698 of the Laws of 1957 the repealed provisions of subdivisions one and two of section 95-c were substantially re-enacted into law as section 1620 and section 1622 of article 24 of the Vehicle and Traffic Law. The new sections became effective July 1, 1958.
The State Traffic Commission is authorized to restrict the speed at which vehicles may proceed on or along State highways outside of cities or incorporated villages. Speed *110 zones so established by the State Traffic Commission must be adequately marked and suitable warning signs must also be erected in accordance with the requirements of the State Traffic Commission.
No legal evidence was offered on behalf of the People that the State Traffic Commission by an order had restricted the speed to 35 miles per hour. The arresting officer, who was the only witness for the prosecution, testified that he observed the defendant operating his motor vehicle “ through a legally posted zone, maintained by the State Traffic Commission * * * which is legally posted at 35 miles per hour. * * * The State Traffic Commission set up the speed signs of 35 miles per hour through Barre Center.” This is the only evidence offered by the prosecution to show that the State Traffic Commission had restricted the speed to 35 miles per hour in the area in question. Such testimony does not satisfy the People’s obligation to prove that the State Traffic Commission had legally designated the area in question as a restricted speed zone. Adequate proof could have been furnished by introducing in evidence a certified copy of the order of the State Traffic Commission restricting the speed to 35 miles per hour. In addition the People were required to prove that whatever signs had been erected in the speed zone had been erected in accordance with the requirements of the State Traffic Commission. Proof on the part of the People in this respect was entirely lacking*.
From the beginning of the trial to the end the People have the burden of establishing beyond a reasonable doubt every fact essential to the conviction of the defendant. The accused person has no burden to sustain. He is presumed to be innocent. The burden is on the prosecution to show otherwise. Failure to do so requires acquittal (People v. Matthews, 4 Misc 2d 278).
In order to prove the defendant guilty beyond a reasonable doubt in this case, the prosecution was required to prove that the State Traffic Commission established the speed zone, which the defendant was charged with violating and further that signs were erected in the speed zone in accordance with the requirements of the State Traffic Commission. The People failed to sustain the burden of proof on these two essential elements of the violation charged.
Under these circumstances, there is no necessity for passing upon the other points raised in the appellant’s case.
The judgment of conviction of the Court of Special Sessions of the Town of Barre is reversed, the information dismissed and the fine remitted. Submit order accordingly.