J. Kenneth Servé, S.
On the 29th day of August, 1960 the defendant was convicted by a Court of Special Sessions of the Town of Barre, Orleans County, New York (Alvin O. Pegeloav, J.) for a violation of subdivision 4 of section 56 of the Vehicle and Traffic Law of the State of New York. The defendant has appealed from this conviction and the fine of $15 imposed upon him.
The information charged the defendant with operating his automobile in a restricted zone at a speed of 55 miles per hour where no greater speed than 35 miles per hour was permitted by the State Traffic Commission. Under the provisions of section 1620 of the Vehicle and Traffic Law, the State Traffic Commission is authorized to restrict the speed at which motor vehicles may proceed on or along State highways maintained by the State outside of cities and incorporated villages. In the event the State Traffic Commission exercises its authority to fix a rate of speed lower than 50 miles per hour, it must give adequate warning of such restricted speed. (People v. Shapiro, 7 N Y 2d 370.)
Subdivision 4 of section 56 of the Vehicle and Traffic Law refers to section 95-c of the same law. Section 95-c was repealed by chapter 698 of the Laws of 1957 and the effective date of repeal was July 1, 1958. By article 24, sections 1620 and 1622 of chapter 698 of the Laws of 1957, the repealed provisions of subdivisions 1 and 2 of section 95-c were substantially re-enacted into law. (People v. Fish, 23 Misc 2d 1084; People v. Radsinski, 24 Misc 2d 109.)
In this case the People had to prove among other things beyond a reasonable doubt (1) that the State Traffic Commission had in accordance with the law established the restricted speed zone and (2) that the defendant was operating his motor vehicle in such restricted zone at a rate of speed greater than that permitted and (3) that adequate warning was given to warn the defendant of such restricted speed zone. In an effort to sustain the burden of proof in this respect the People introduced into evidence the certified copy of the order of the State Traffic Commission which established a speed zone on Routes 98 and 279 for a distance of 3,900 feet in the hamlet of Barre Center, in the Town of Barre, New York and said order also provided *364 for “ the erection and maintenance of signs in accordance with the standards of the State Traffic Commission to inform the public of the existence and limits of this restriction
The arresting officer testified that, when he first observed the defendant, he (the defendant) was in a 50-mile-per-hour zone but that the defendant “ ran into a 35 miles per hour zone legally posted and maintained by the State Traffic Commission No other testimony was offered by the People to prove the erection and maintenance of signs to inform the public of the existence and limits of the restricted speed zone. The testimony that the zone was “ legally posted ” is not satisfactory proof in this respect as it is only a conclusion of the witness. The People are required by competent evidence to describe in detail such signs, if any, so erected, arid the location of the samé. In the instant case the defendant is alleged to have committed the violation at about 11:45 p.m. From all of the testimony in this case, the trial court had no legal basis upon which to conclude that the defendant had at that time of night “ adequate warning ” that a speed limit of less than 50 miles per hour had been established in the area where he is alleged to have committed the offense. (People v. Shapiro, supra.)
In failing to establish by competent evidence the erection and maintenance of signs to inform the public of the existence and limits of the restricted speed zone, the People did not sustain its burden of proving beyond a reasonable doubt one of the essential elements of the case and consequently the conviction cannot stand. (People v. LePore, 9 Misc 2d 387.)
The judgment of conviction of the Court of Special Sessions of the Town of Barre is reversed, the information dismissed and the fine remitted.