J. Kenneth Servé, J.
This is an appeal from a judgment of conviction of the Court of Special Sessions of the Town of Murray. [Hubert J. Gillette, J. P.]. The defendant was convicted of speeding in the Village of Holley, in violation of section 5 of chapter 49 of the ordinances of said village.
In his affidavit of errors, the defendant claims that his motion at the close of the People’s case to dismiss the information should have been granted by the court, and its failure to do so constituted error. The basis of the motion to dismiss was that the People had failed to prove that on the date of the alleged violation signs or markings were posted which gave notice of the maximum speed limits in the Village of Holley.
The Holley speed ordinance, which established maximum speed limits other than those set by section 1180 of the Vehicle and Traffic Law, could not be effective until signs or markings giving notice of such maximum speed limits were posted (Vehicle and Traffic Law, § 1683).
The prosecution was obligated to prove as part of its case, that the required signs, which indicated the maximum speed limits under the provisions of the Holley Village Ordinance, were posted. The rule of strict compliance as enunciated in People v. Wadsworth (200 Misc. 1049) has now given away to substantial compliance (People v. Lathrop 3 N Y 2d 551).
The violation is alleged to have occurred on December 2, 1961, and the defendant’s trial was conducted on December 20, 1961. At the trial, the arresting officer testified as to the posting of signs which gave notice of the speed limits in Holley.. On this point, he testified as follows: “In this Village there are signs posted on every main highway entering or crossing the Village line. These signs read, ‘ 30 miles per hour ’ in six-inch reflected type letters. The reflector type letter is to make it *336 possible to be visible at night.” This is the entire testimony of the prosecution on the question of signs. It is to be noted that the witness used language which indicated that signs were posted and present on December 20, 1961, the date of the trial. However, he did not state or use any language from which it can reasonably be inferred that the required signs were posted on December 2, 1961, the date of the alleged violation. The word ‘ ‘ are ’ ’ does not lend itself to an interpretation that since signs were posted on December 20, ,1961, that such signs were also so posted on December 2, 1961. If the language of the present tense, as used by the witness, can be interpreted as relating back to the date of the alleged violation, then the question arises, how far back in time would the trier of the facts be entitled to go, and where would the cutoff point be: one month, three months, or a year. Even though the court knows as an actual fact that the required signs were there on the date of the alleged violation, judicial notice cannot be taken of such posting. Competent evidence must be submitted to establish this vital element in the prosecution’s case (People v. Hilton, 8 Misc 2d 151).
The People have failed to prove an essential part of its case in not introducing competent evidence, which would entitle the trier of the facts to reach the determination that the required sign or signs were there on the date of the alleged violation. The motion to dismiss should have been granted.
Judgment of conviction is reversed, the fine remitted and the information dismissed.