John H. Galloway, Jr., J.
Defendant appeals from a judgment of conviction of speeding in violation of General Ordinance No. 39 of 1959, City of Yonkers (45 miles per hour in a 30-mile zone) rendered after a trial without a jury in the Court of Special Sessions, City of Yonkers (Landy, J.). The defendant was fined $10, which he paid.
Defendant urges for reversal on two of several assignments of error: First, that under the amended Yonkers ordinance in question the acts charged do not constitute an offense, and, therefore, the information is insufficient on its face; and second, that the evidence failed to establish his guilt beyond a reasonable doubt.
In support of his first point defendant relies upon the language of the speed ordinance, which provides: “ The speed limit of motor vehicles within the City of Yonkers shall be twenty-five miles per hour unless otherwise posted ” (emphasis added by us). It appears from the record that the posted speed in this case was 30 miles per hour. Defendant argues that the words italicized are insufficient to fix a speed limit within posted zones wherein the posted speed is otherwise than 25 miles per hour, and that the amended ordinance has, therefore, failed to create in such posted zones an exception to the State’s 50-mile-per-hour speed limit established by sections 1180 and 1643 of the Vehicle and Traffic Law.
Defendant’s contention is based on the omission in the amended ordinance of the italicized words in section 1 of the former Ordinance No. 8 of 1954 which was amended by the extant Ordinance No. 39 of 1959 above quoted, and which provided: “ The speed limit of motor vehicles within the City of Yonkers shall be thirty miles per hour except where signs are posted indicating a lesser or greater speed, in which case the speed indicated on such signs shall be the speed limit ”. (Italics added.)
In our opinion the italicized words in the 1959 Ordinance say by clear implication what the superseded 1954 Ordinance said in the words italicized therein. We think the defendant’s con *638 tention to the contrary is answered by grammatical construction which in no respect violates recognized rules of statutory construction — viz., the words “ unless otherwise posted ” refer to and modify the subject “ speed limit ”, and are linked thereto by the clearly implied verbal clause “ it is ”, the full modifying clause thus reading ‘1 unless it is otherwise posted ’ This construction adds nothing to the ordinance which is not already there by simple, rational understanding of the language therein used. We conclude that the language of the ordinance does in fact establish and fix a speed limit in zones posted for speeds otherwise than 25 miles per hour.
Thus the ordinance in question clearly expresses and defines what act is prohibited; it is so informative and explicit on its face that all persons subject to penalties thereunder may know what acts it is their duty to avoid (cf. People v. Diaz, 4 N Y 2d 469, 470) (cf. People v. Firth, 3 N Y 2d 472) and the rule which is to be obeyed. (People v. Vetri, 309 N. Y. 401.)
There being no dispute that the alleged offense occurred in a posted 30-mile-per-hour zone, it is evident that the act charged in this case falls within the prohibition of the ordinance as enacted. It follows that the act here charged constitutes the offense prohibited and that the information or complaint is sufficient on its face.
We are also of the opinion that the evidence in this record was sufficient to establish defendant’s guilt of the offense charged beyond a reasonable doubt. The learned Trial Judge’s exercise of his discretion in accepting as a qualified expert the arresting police officer’s testimony of his estimate of defendant’s speed is sustained by the proofs of the officer’s expertise in that field. (Meiselman v. Crown Hgts. Hosp., 285 N. Y. 389; People v. Zambito, 21 Misc 2d 815, 818.) The officer had been engaged in motorcycle traffic patrol duty for 20 years, traveling four or five thousand miles per year on this duty, testing speed of moving vehicles, checking his estimates of speed against radar and with his fellow officers, and had established his estimates of speed to be within 5 miles per hour of instrument recordings of speed. On this occasion he estimated defendant’s speed at 50 miles per hour under conditions affording sufficient opportunity for observation, and he testified that his speedometer reading clocked defendant at 45 miles per hour.
The testimony of estimated speed by the qualified officer — observer, supported by his testimony of the speed recorded on his patrol car’s untested speedometer was sufficient proof of excess speed to sustain the conviction in this case. (People v. Heyser, 2 N Y 2d 390; People v. Dusing, 5 N Y 2d 126.) In *639 the light of these authorities, the fact that the calibration of the arresting officer’s speedometer may not have been established by competent testimony, as contended by defendant, is of no significance, and need not be considered.
The judgment of conviction is affirmed.