Paul J. Kelly, J.
Joel Salzburg, defendant-appellant, was convicted before the Hon. Bobert Formal, Police Court Justice, Incorporated Village of Sands Point, on the 29th day of July, 1964, for a violation of the Sands Point Village Ordinance (art. III, § 1) commonly called speeding, and for violation of subdivision (a) of section 1174 of the Vehicle and Traffic Law, commonly called passing a stopped school bus.
On May 19, 1964 the defendant-appellant Joel Salzburg was driving in an easterly direction along Harbor Boad in Sands Point, Hew York. A school bus was stopped facing north on east Harbor Boad which runs perpendicular to Harbor Boad in the Incorporated Village of Sands Point. The school bus was properly marked, was loading children, and had its lights flashing. The defendant-appellant while driving along Harbor Boad from west to east passed across the intersecting street upon which the school bus was stopped. It is further alleged that defendant was speeding as he passed the school bus and continued to speed until he was stopped by the officer.
The defendant contends that the conviction under the Village Ordinance (art. III, § 1) should be reversed because the People failed to prove a prima facie case in not proving (1) that signs were posted at the time of the commission of the alleged violations, (2) what these signs said ait that time, and (3) that the Village of Sands Point had conformed with the requirements of the Vehicle and Traffic Regulations as to size, color, and lettering of the signs in question.
In order to make out a prima facie case, there must be testimony taken as to whether signs were posted at the time of the violation. It is not sufficient to have testimony that signs were posted.at the time of the trial, since obviously this would not prove that there were signs which the defendant could have seen on the day of the alleged violation. In this case the only testimony on the point was:
“ Q. What is the rate of speed in the Village of Sands Point? A. Thirty miles per hour.”
In addition testimony must be taken as to what the signs said at the time of the violation. The testimony in this case only contains the following:
<c Q. What is on the signs? A. Incorporated Village of Sands Point, speed limit 30 miles per hour.”
The court cannot take judicial notice of either of these vital factors. The officer in testifying in response to both questions used language which clearly is indicative of present tense, and does not refer back to the date of the violation. Even though *868 the count may know as an actual fact that the required signs were posted on the date of the alleged violation, judicial notice cannot be taken as to the posting or as to the speed limit posted thereon. “ It is to be noted that the witness used language that indicated that signs were posted and present on December 20, 1961, the date of the trial. However, he did not state or use any language from which it can reasonably be inferred that the required signs were posited on December 2,1961, the date of the alleged violation. The word ‘ are ’ does not lend itself to an interpretation that since signs were posted on December 20, 1961, that such signs were also posted on December 2, 1961.” (People v. Silcox, 34 Misc 2d 335, 336.)
Competent evidence must be submitted to establish these vital elements in the prosecution’s case. (People v. Hilton, 8 Misc 2d 151.)
The defendant also contends that where the violation occurred in a village and the village has a lower speed limit than that which is set by section 1180 of the Vehicle and Traffic Law, there must be testimony as to the substantial compliance by the village with the Vehicle and Traffic Regulations both as to filing with the Secretary of State of the reduced speed ordinance and as to the size of the signs, color, lettering, etc. (People v. Burmann, 307 N. Y. 871; People v. Lathrop, 3 N Y 2d 551; People v. Hirschfield, 41 Misc 2d 400.)
In order to prove substantial compliance the People must first prove that there was a valid village ordinance which was duly enacted and that they met the statutory requirements of posting and notice (People v. Churchill, 16 Misc 2d 102) and that same was filed with the Secretary of State. However, the court may take judicial notice of the filing of the ordinance under. CPLR 4511 which states that a court; even an appellate court shall take judicial notice without request of all local laws and county acts. (People v. Resciniti, 191 Misc. 719; People v. Zambito, 21 Misc 2d 815.) These cases were decided based upon section 344-a of the Civil Practice Act which has since been incorporated in CPLR 4511. This must be distinguished however, for the court cannot take judicial notice of compliance with statutory requirements as to posting and notice. Competent testimony must be taken in this area. (People v. Hilton, supra; People v. Zambito, supra, p. 817.)
The statutory rules for posting and notice of speed regulations are found in volume 15(A) of the Official Compilation of Codes, Rules and Regulations of the State of New York. Part 208 thereof (15 NYCRR 208.1 et seq.) based upon statutory *869 authority from section 1680 of the Vehicle and Traffic Law, contains rules for speed regulation signs. The only testimony offered in this case was that there are signs posted on all main arteries entering the Village of Sands Point which state “ Incorporated Village of Sands Point, speed limit 30 MPH”. This testimony does not, among other things, clearly indicate what kind of speed limit was set, i.e., was it a linear limit, which is the limit on a specific highway, or was it an area limit, which covers a specific area. From the foregoing we might reasonably infer that the intention of the village was to set an area speed limit, but in any event, the police officer failed to testify regarding any compliance with the posting regulations.
All speed limit signs must be posted on the right side of the road, 30 inches above the crown of the road and be at least 250 feet from any obstruction to its view from the road. The following is the type of sign used at the entrance to an area speed zone and is described herein as an example of the regulations concerning a particular sign. It may serve as a guide as to what descriptive testimony concerning .signs should contain. “ The description of an E 10 sign is found in § 280. It is a 36" x 48" •sign with a %" margin and a %" border. It is to be painted with black letters on white reflectorized paint. The first line should state the Village in 5" series D letter; the second should state ‘ speed ’ in 5" series D letters; the third should state ‘ limit ’ in 5" series D letters and the fourth line should state ‘ 30 ’ in 12" series E letters.”
Testimony in order to prove a prima facie ease must include some evidence that the Village of Sands Point complied substantially with these regulations. In this case the People did not take any testimony as to the frequency of signs or the type of signs. All that must be shown by the prosecutor is that there was substantial compliance by the village (People v. Burmann, 307 N. Y. 871, supra; People v. Lathrop, 3 N Y 2d 551, supra; People v. Hirschfield, 41 Misc 2d 400, supra).
For the foregoing reasons, the information as to the violation of section 1 of article III of the village ordinance should be dismissed.
The defendant also contends that his conviction under section 1174 of the Vehicle and Traffic Law must be reversed. He states that he passed the school bus on a road which was perpendicular to the street on which the school bus was located, but that this does not constitute a violation of the law. The pertinent part of subdivision (a) of section 1174 of the Vehicle and Traffic Law reads: ‘ ‘ The driver of a vehicle upon a highway outside the city *870 of New York upon meeting or overtaking from either direction any school bus marked and equipped ” (emphasis supplied). The words “ either direction” are crucial.
Webster’s New International Dictionary, copyright 1957, defines “either” as “ each of two: the one and the other”. This is corroborated by the Law Dictionary by Ballentine, published by the Lawyers Co-Operative Publishing Co., 1948, which states that the “ strictly accurate and authoritative signification of ‘ either ’ relates to two units or particulars only”. Using these authoritative definitions, the words “ either direction ” must be read to mean traffic approaching the bus from the rear or from the front. This interpretation is further borne out by the rules which were set down by the State Legislature for the proper marking of school buses. These requirements include a sign on the front and back of specified size and color and lights on the front and back of specified size and color. Obviously, the intent of the Legislature was to require warning to motor vehicles traveling “ towards ” the front or rear of the school bus. The case cited by the People is People v. Berghauser (7 Misc 2d 178 [1957]) which held that the law covered traffic from all four directions. That case was decided upon the statute which preceded the present enactment. The statute, then subdivision 24 of section 81 of the Vehicle and Traffic Law, which was the law prior to July 1,1958, read: ‘ ‘ The driver of a vehicle overtaking or meeting an omnibus which has stopped.” This case must be distinguished however, for it was after that decision, that the Legislature inserted the words 11 either direction ’ ’. If the Legislature intended the prohibition to include all four directions, there was no need to add the new language.
As further expression of its intention, the Legislature, in subdivision (b) of section 1174 of the Vehicle and Traffic Law requires the school bus driver to 11 instruct such pupils to cross in front of the bus ” (emphasis supplied). It appears clear to this court that the protection to be afforded the pupil approaching or leaving a school bus is from vehicular traffic traveling-on the same roadway in either direction approaching the school bus. This should have no effect upon traffic upon an abutting roadway.
Submitted to this court in the defendant’s brief are copies of two letters from Counsel for the Commissioner of Motor Vehicles which though not binding on this court, certainly must be considered in determining the intent of the statute. Both of these letters, one to Counsel, Sheriff’s Department, Syracuse, *871 N. Y., dated September 13, 1963, and the second to Frank J. McHenka, District Supervisor, Binghamton, N. Y., dated February 21, 1964, clearly indicate that the Commissioner of Motor Vehicles does not regard the statutory language in question as requiring traffic in all directions to come to a halt, but only the traffic approaching the stopped school bus from the front and rear.
Absent any clear legislative intent to the contrary and based upon the foregoing this court is constrained to reverse the convictions herein. The court should have granted the defendant’s motion to dismiss upon the close of the People’s case. It is therefore
Ordered that the motion to dismiss the informations, made by the court on behalf of the defendant appearing without counsel, on both charges, be granted, and it is further
Ordered that the informations be dismissed and the fines remitted.