Richard D. Yunker, J.
The defendant was charged with speeding in violation of a 30 miles per hour speed zone in the Village of Oakfield on November 16, 1965. Trial of the matter was hold on December 20, 1965. Constable Bolland B. Boss represented the People and Edward A. Mattioli, Esq., represented the defendant.
The first witness for the People was Constable Boss. Pie testified concerning his observation of the defendant’s automobile and that in his opinion the speed of the automobile when observed by him in the village was at least 50 miles per hour. "When the officer had ended his testimony, the defendant moved to strike the testimony of the officer on the ground that there was not sufficient evidence of his qualifications as an expert to make him competent to give his opinion as to the speed of the automobile. The testimony of the officer on this point was that he was a police officer in the Town of Oakfield for 18 years and that he had been judging speeds for that many years *792 and 11 working traffic”. The court reserved decision on this motion and permitted the officer to give additional testimony as to his qualifications. The officer then testified that he had been ‘ ‘ working traffic and observed traffic six days a week for 18 years ”. He testified that he had clocked cars for speeding, that he had not been working behind a desk during that time but had “ always been observing cars go by and observing speed” so that after 18 years he could tell whether an automobile was ‘ ‘ going 15 miles an hour, 30 miles an hour, or 50 miles an hour or better ”.
Defendant objected to the court permitting the officer to give additional testimony concerning qualifications as an expert, contending that the testimony of the officer would have to stand or fall only on the testimony given by the officer before the court suggested and permitted the officer to give additional testimony as to his qualifications. Defendant also contended that even considering all the testimony of the officer, his qualifications were not established because there was no evidence that his observations had ever been compared to any mechanical device or other police car so as to verify the officer’s accuracy in estimating speeds, and the defendant repeated his motion to strike the testimony of the officer concerning the speed of the automobile because there was not sufficient evidence to establish his competency as an expert witness who could give an opinion as to the speed. The court denied all three motions of the defendant, that is, the motion to strike the testimony of the officer as originally given, the motion to strike the additional testimony given by the officer after he had once concluded his testimony and the motion to strike all the testimony of the officer-concerning the speed of the automobile.
The People also called as a witness John H. Williams of 49 Main Street, Oakfield, New York. His testimony placed him on Main Street in the Village of Oakfield on the opposite side of the street from where the officer was located and he described a certain automobile which he observed passing through. He then testified the car was ‘ ‘ going fast ’ ’ and that it *6 came through over the speed limit”. The motion of defendant to strike testimony quoted was granted. The witness was then asked by the People if he had an opinion as to the speed of the car he described. The defendant objected to the witness, who was not qualified as an expert, giving any opinion as to the speed. The People argued that the opinion of a lay witness was admissible as corroboration of other evidence of speed. Decision on the objection was reserved by the court and the witness testified that he had an opinion as to the speed of the *793 automobile described by him and that in his opinion, the automobile was going over 30 miles per hour and at least 45 to 50 miles per hour. The objection of the defense to the testimony by the witness as to his opinion as to the speed is now granted and his testimony is stricken accordingly. There is a split of authority as to the competency of lay persons to testify concerning the speed of vehicles. Some jurisdictions hold that since modern civilization has made almost all persons familiar with the speed of automobiles, that any person of ordinary intelligence and experience, having had the opportunity of observation, may testify to the speed of the automobiles. However, the law of the State of New York apparently requires that such a witness must first show some satisfactory experience or basis for his opinion (Richardson, Evidence [8th ed.], § 384, subd. [j]). Since there is here no indication of the experience of the witness with automobiles or any basis for his opinion, his opinion must be held inadmissible.
Defendant presented no witnesses or evidence. In closing argument, the defendant contended that the weight of evidence did not establish a speed above 30 miles per hour, that the qualifications of the officer as a competent witness to give an opinion as to the speed were not adequate, that the People must show the posting of signs giving adequate warning of the speed zone, and that the People must prove that no greater speed is allowed.
As to the first contention of the defendant, the court finds as a matter of fact that the People have proved beyond a reasonable doubt that the defendant drove an automobile at a speed of greater than 30 miles per hour at the time and place in question. The second matter raised in the argument by the defense, that the officer was not established as a competent witness to testify concerning the speed of the automobile, was resolved in favor of the People as indicated by the discussion in this opinion concerning the competence of the officer and the denial of the motion to strike his testimony.
The contention of the defendant that the People must prove the posting of speed signs to give adequate warning requires serious consideration. Section 1683 (subd. [a], par. 15) of the Vehicle and Traffic Law is applicable here. It provides in part that no local speed ordinance “ shall be effective until signs or markings giving notice thereof are posted.” In this case the People offered no evidence of the posting of signs. There are reported cases holding that proof of the posting of signs is a necessary part of the People’s case. (People v. Hilton, 8 Misc 2d 151; People v. Lepore, 9 Misc 2d 387; People v. Ryan, 32 *794 Misc 2d 800; People v. Silcox, 34 Misc 2d 335.) This court is not aware of any reported cases in any appellate court which has jurisdiction over an appeal from this court.
The posting of speed signs is not a proper subject for judicial notice. This is rightly pointed out in an opinion in one of the cases above cited. There is no discussion of the presumption of regularity in the above cases.
‘ ‘ The general presumption is that no official or person acting under an oath of office will do anything contrary to his official duty, or omit anything which his official duty requires to be done.” (Matter of Marcellus, 165 N. Y. 70, 77; Richardson, Evidence [8th ed.], § 71.) This presumption compels the adversary to come forward with affirmative evidence of unlawful or irregular conduct, but when the adversary does produce substantial contrary evidence, “ the presumption is out of the case.” (People v. Richetti, 302 N. Y. 290, 298.) This presumption would seem to imply that the Mayor and Village Board of Trustees which enacted the speed ordinance would see that speed signs were posted since it would be part of their duty to see that the ordinance was effective. The issue then is whether the section of the Vehicle and Traffic Law requiring the posting of signs shall overcome the presumption of regularity and in effect create a presumption of irregularity, or whether it shall be taken as specifying an act which shall be done if the ordinance is to be effective but which shall nevertheless be presumed to have been done by virtue of the presumption of regularity.
In many instances there is a presumption in criminal matters which has the effect of relieving the prosecution of proving a necessary element of the criminal act unless and until the defendant comes forward with substantial evidence to rebut the presumption. Then of course the presumption is dissipated and the People must prove all the elements beyond a reasonable doubt. There is a presumption of sanity and in a criminal case the prosecution is enabled to establish a prima facie case without introducing evidence of sanity at the time of commission of the crime. (Penal Law, § 815.) The burden of coming forward with evidence of insanity is upon the defendant. (People v. Egnor, 175 N. Y. 419.) There is a presumption of guilt from the recent and exclusive possession of the fruits of a crime if unexplained by the defendant. (Richardson, Evidence [8th ed.], § 88.) There is a presumption that a person is responsible for his acts. (Penal Law, § 815.) There is a presumption in a prosecution of a disorderly conduct charge under subdivision 11 of section 722 of the Penal Law that a person who is engaged *795 in an illegal occupation or bears an evil reputation and who consorts with persons of like reputation or criminals is doing so for an unlawful purpose. Under section 1312 of the Penal Law, failure to provide a deed of title as set out in section 1311 of the Penal Law, is presumptive evidence of misappropriation of funds held in trust. A person is presumed to intend the natural consequences of his act. (People v. Lieberman, 3 N Y 2d 649, 652.) Under section 1400 of the Penal Law, the infliction of a maiming injury is presumptive evidence of the intent to maim. There is a presumption that the proof of possession of any policy slip is presumptive evidence of possession thereof knowingly. (Penal Law, § 975.) When a machine gun is found in any room, dwelling or structure, the presence thereof is ‘ presumptive evidence of its illegal possession by all the persons occupying the place where” it is found. (Penal Law, § 1897, subd. 1-a.)
To require the People to give evidence of the posting of signs in order to make out a prima facie case will not help in the administration of justice. It would be necessary for the police officer after issuing a summons for speeding to visit the place where the sign was posted, or would be expected to be posted, on the street which the defendant used in entering the village. If the officer did not know which street the defendant used to enter the village, then the officer would have to visit all the locations at which signs would be required to give adequate warning in order to give sworn testimony that the signs were posted shortly after the alleged offense, which testimony would be taken as circumstantial evidence that the signs were posted at the time the accused entered the village. Such a requirement could be justified by a logical explanation but tested by common sense it would appear unrealistic. Such a requirement is not necessary to preserve for an accused the right to have signs posted to give reasonable warning, because, when the accused raised the issue, the presumption of regularity which presumed the posting of signs would be overcome and of no effect and the People would be required to prove the posting of signs beyond a reasonable doubt.
Considering all the factors, it would appear better for the administration of justice to interpret section 1683 (subd, [a], par. 15) of the Vehicle and Traffic Law as not overcoming the presumption of regularity and in effect thereby creating a presumption of irregularity, but as the specification of an act to be done for the ordinance to be effective, and which act, when the issue is properly raised, the People must prove beyond a reasonable doubt.
*796 The last contention of the defendant, that the People must prove no greater speed is allowed, would be applicable to a prosecution under section 1180 (subd. [b], par. 2) of the Vehicle and Traffic Law. However it is not applicable to prosecution under section 1180 (subd. [b], par. 3).
In accordance with this opinion judgment of conviction is rendered.