OPINION OF THE COURT
Herman H. Tietjen, J.
Defendant was charged with violation of subdivision (a) of section 1110 of the Vehicle and Traffic Law. At the trial, the arresting officer testified that on October 7,1981, while oil routine patrol he observed defendant’s vehicle make an illegal left hand turn off the southerly ramp leading from New York State Route 308 onto New York State Route 9G. The trooper stated that he was traveling south on Route 9G and had just crossed the Route 308 overpass when he spotted defendant’s vehicle standing at the end of the ramp with its left signal on. The trooper proceeded a short distance south of the ramp, stopped on the side of the road and observed defendant completing the left hand turn.
Trooper McGuire testified that he knew there was a no left hand sign on this ramp. He described the traffic control device prohibiting a left hand turn as a “sign with an arrow on the left with a circle with the crosses across it on the left hand side [of the ramp] and on the right hand side [of the ramp] you will see the exact same sign with a sign underneath it ‘no left turn’ and there is also a stop sign at the intersection.” He went on to state that he knew the sign to *278 be present at the time of violation. He did not otherwise provide any factual information as to the size, shape, height above ground, background color, color of letters or testify as to the location of the signs in regard to the intersection they were designated to control. He commented that he understood the signs to be universal signs adopted by the New York Department of Transportation. The court was asked to take judicial notice of the relevant law.
Defendant’s attorney made certain objections to the trooper’s testimony and moved at the end of the case that it be dismissed on the ground that the People did not prove defendant’s guilt beyond a reasonable doubt. It is clear that the trooper personally observed a vehicle driven by defendant making a left hand turn from the southerly ramp off Route 308, southbound onto Route 9G. However, there is a serious question as to whether there were adequate facts presented concerning the traffic control device defendant is alleged to have violated.
Subdivision (a) of section 1110 of the Vehicle and Traffic Law states that “Every person shall obey the instructions of any official traffic-control device applicable to him placed in accordance with the provisions of this chapter, unless otherwise directed by a traffic or police officer”. Subdivision (b) creates the exception that subdivision (a) cannot be enforced against an alleged violater “if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person.”
Subdivisions (c) and (d) of section 1110 create two presumptions in favor of the People, namely:
(1) That if the traffic control device is placed in position approximately conforming to the requirements of the Vehicle and Traffic Law it shall be deemed to have been placed by official act or direction of lawful authority; and
(2) If the device is placed in conformity with the Vehicle and Traffic Law and “purporting to conform to the lawful requirements pertaining to such devices” it shall be presumed to comply with the requirements of the Vehicle and Traffic Law unless the defendant establishes otherwise by competent evidence.
*279 Subdivision (a) of section 1680 of the Vehicle and Traffic Law directs the commissioner to install, operate, maintain and remove traffic control devices in conformity with a manual and specifications. The manual used is the New York State Manual of Uniform Traffic Control Devices as. published in Codes, Rules and Regulations of the State of New York (17 NYCRR and 15 NYCRR).
The sign defendant is alleged to have violated is termed a regulatory sign and is specifically described in 17 NYCRR 209.1. The normal sign is designated R 18, 24 inches by 24 inches in size, with a % inch margin and a % inch border, with a white background, black and red legend and reflectorized. 17 NYCRR 209.1 further states the sign is to be used “(a) * * * at intersections and other locations where right or left turns are prohibited by order, ordinance, rule or regulation * * * (b) The R 18 sign is standard * * * (c) * * * (2) The ‘No Left Turn’ sign shall be placed at the near right and far left corners of the intersection * * * (e) These signs shall be placed at approximately right angles to the direction of movement subject to the limitation. Additional signs may be placed as necessary at or in the vicinity of the intersection.” An appendix illustrates the typical positioning of the signs. Authority for the placement of the specific signs in question is found in 15 NYCRR 5013.26.
It is the People’s burden to establish beyond a reasonable doubt the essential facts of the case. The accused has no burden to sustain. He is presumed to be innocent (People v Radzinski, 24 Misc 2d 109). In doing so the People must present evidence of sufficient quality as to the signs posted since the court cannot judicially take notice of the particulars of the sign even though the Judge may be personally familiar with the intersection (People v Silcox, 34 Misc 2d 335; People v Zambito, 21 Misc 2d 815.) The record must be sufficient in and of itself to enable an appellate Judge not personally familiar with the area to make an intelligent review.
Only a few cases address themselves to the particulars that the People must prove concerning the posting of a traffic regulatory sign. Most of this law predates the enactment of the current statute and was decided by lower *280 courts. Nevertheless, these cases offer some guidance to the handling of the present situation.
It is first important to review the current law and the prior cases in order to determine what proof is necessary under the present law. The present statute is designed to avoid the necessity of proving strict compliance in respect to the posting of traffic control device as was the case prior to the Court of Appeals decision in People v Lathrop (3 NY2d 551) (see People v Wadsworth, 200 Misc 1049; People v Radzinski, supra). In Lathrop (supra, p 553) the court noted that the record before it concerning the posting of village speed signs showed that the statute “was substantially complied with by the placement of speed signs in such a manner and at such locations as to afford * * * fair notice”. The rule of “substantial compliance” and the posting of traffic regulatory devices replaced the strict compliance rule previously in effect.
Prior to the statutory presumptions now found in section 1110 of the Vehicle and Traffic Law courts had to wrestle with the problem of quality of evidence and presumptions of compliance with law (People v Salzburg, 47 Misc 2d 866; People v Drachenberg, 49 Misc 2d 791). As a result of the lower courts’ application of the substantial compliance rule certain general guidelines evolved. They can be summarized as follows:
(a) Proof must be given that traffic control signs were erected at the time of violation in accordance with the requirements of the Department of Transportation (People v Radzinski, supra).
(b) Testimony must describe in some detail the signs erected at the time of violation and the location of same (People v Higby, 27 Misc 2d 362). “Detail” was meant to cover the color, width, length of sign, size and color of letters, and height of bottom of sign above ground level, placement in respect to roadway or intersection the sign is intended to control. (People v Asherman, 31 Misc 2d 1039; People v Salzburg, supra.)
(c) That the sign was erected in accordance with either an appropriate local ordinance, local law or resolution or in the case of State of New York in accordance with departmental rules and procedures and that in all cases filings of *281 the statutes were properly made (People v Salzburg, supra; People v Asherman, supra; see, also, People v Drachenberg, supra; People v Churton, 67 Misc 2d 645).
(d) The court may not take independent judicial notice of the particulars of the sign even though the court is personally familiar with the sign, all facts must be on the record (People v Salzburg, supra), however it must take judicial notice of the laws, rules, regulations and statutes pursuant to CPLR 4511 (subd [a]) (People v Silcox, supra) and may take judicial notice of local laws or ordinances (CPLR 4511, subd [b]).
The rebuttable presumptions created by statute in subdivisions (c) and (d) of section 1110 merely relieve the People of the need to produce certified copies of local ordinances, State regulations together with proof of proper filing and the need to show that the traffic device complied with the statute, rules or regulations. The statute still required the People to produce sufficient evidence to permit a court to make a finding that the presumption in regard to compliance had been substantially met. In order to meet this burden the People must be able to produce the following proof as to the traffic device itself:
(i) That it was in place at the time of the alleged violation,
(ii) That it was sufficiently visible and legible to an ordinarily observant motorist,
(iii) That there was no police officer directing traffic,
(iv) The general location of the sign in respect to the intersection which it has been posted to control,
(v) A description of the sign which should include its height above ground, size, shape, color of letters or markings and any other relevant information that distinguishes the sign.
In addition to the foregoing the People must be prepared to offer evidence regarding defendant’s disobedience of the traffic sign, identify defendant as the driver at time of violation, identify the vehicle — color, make, type, license number and give such other evidence required by the statute alleged to have been violated. Although not required by statute it is still good practice to request judicial *282 notice of the statute, law, rules and regulations alleged to be violated since it will draw the court’s attention to their existence.
Since the People have failed to meet the burden of proof beyond a reasonable doubt as to the traffic device, even though the arresting officer saw the defendant disobey that device, the charge against the defendant is dismissed.