Robert O. Brink, J.
The defendant was convicted of violating subdivision 4 of section 56 of the Vehicle and Traffic Law of the State of New York on the 4th day of August, 1959, after a trial held before Harold R. Clark, Justice of the Peace, sitting as a Court of Special Sessions in the Town of Vestal, Broome County, New York, without a jury. The defendant was found guilty and sentenced to pay a fine of $10. The information *1085 charged the defendant with traveling 45 miles per hour in a 30-mile zone.
The principal ground for defendant’s appeal is based upon the argument that subdivision 4 of section 56 of the New York State Vehicle and Traffic Law as amended is defective by reason of legislative action in repealing section 95-c of the Vehicle and Traffic Law, which is referred to in subdivision 4 of section 56.
Prior to July 1, 1958, subdivisions 1 and 2 of section 95-c defined the authority of the State Traffic Commission to increase or restrict speed on State highways, county and town roads. When the new Vehicle and Traffic Law was enacted, section 95-c of the Vehicle and Traffic Law was repealed and the provisions contained in subdivisions 1 and 2 of section 95-c were re-enacted as title 4 (art. 24, §§ 1620,1622) of the Vehicle and Traffic Law. At the time section 95-c was repealed, the Legislature failed to amend subdivisions 3 and 4 of section 56 of the Vehicle and Traffic Law so as to substitute a reference to the new sections for section 95-c. Consequently, the violation set forth in subdivision 4 of section 56 now refers to another section of the Vehicle and Traffic Law which has been repealed.
There can be very little question, but that the legislative intent was to retain the benefits of subdivision 4 of section 56 of the Vehicle and Traffic Law. The mere fact that an amendment of this statute involving renumbering section 95-c was overlooked should not and does not invalidate the statute. The same powers given to the State Traffic Commission under subdivisions 1 and 2 of section 95-c have been continued under section 1620 and section 1622 of the present Vehicle and Traffic Law.
Under section 80 of the General Construction Law and section 2003 of the present Vehicle and Traffic Law, the Legislature has prepared for the very situation which exists here, by providing for the continued effectiveness of a statute referring to another statute which has been repealed and re-enacted.
In a recent case involving a similar question under subdivision 3 of section 56 of the Vehicle and Traffic Law, the Court of Appeals held that if there is ambiguity, it must be resolved against the defendant by reason of the legislative intent and that subdivision 3 of section 56 may be read as referring to the new legislation. (People v. Shapiro, 7 N Y 2d 370.)
Under these circumstances, it cannot be said that the defendant was not sufficiently informed as to the charge or that the statute under which he was convicted was not valid and effective. The judgment of conviction should be affirmed.