Francis J. Donovan, J.
At the conclusion of trial all factual matters were resolved against defendant, but decision was *686 reserved in order that the court might consider two substantial questions of law.
Defendant was charged with speeding in violation of subdivision 4 of section 1180 of the Vehicle and Traffic Law in that he travelled at a speed in excess of that fixed by the State Traffic Commission on Franklin Avenue, a county road in the unincorporated area of Hempstead Town.
The first question of law is presented by defendant’s motion to dismiss on the ground that no violation of subdivision 4 of section 1180 has been proven.
The problem results from a draftsman’s oversight in preparing the bill that became chapter 300 of the Laws of 1960. The bill consisted of 68 sections and was entitled, “ An Act to amend the vehicle and traffic law in relation to incorporating therein amendments made to such law by the nineteen hundred fifty-nine legislature, and in relation to renumbering and clarifying certain provisions thereof ”.
Among other things this voluminous bill obviously sought to correct a draftman’s error in the previous year.
Prior to 1959 the power of the State Traffic Commission to fix speed limits was set forth in subdivisions 1 and 2 of section 95-c of the Vehicle and Traffic Law. In 1959 the prohibition against exceeding the speed limits set by the Traffic Commission was embodied in subdivision 4 of section 1180 and the power to fix such limits was embodied in two new sections, namely, sections 1620 and 1622 (L. 1959, ch. 775). The error of the 1959 bill consisted in continuing in subdivision 4 of section 1180 a reference to the old section 95-c. The latter, having been repealed (L. 1957, ch. 698), the correct reference should have been to sections 1620 and 1622 of the new law.
An incidental result of the drafting error in 1959 was considered by the Court of Appeals in People v. Shapiro (7 N Y 2d 370). The court refused to allow an absurd result to flow from an obvious oversight.
In the 1960 bill, the draftsman deleted from subdivision 4 of section 1180 the obsolete reference to subdivisions 1 and 2 of the old section 95, but when he came to insert the corresponding now sections, he inserted a reference to section 1620, but overlooked the need to insert a reference to section 1622 as well.
The mere fact that a scrivener’s error might literally be read to constitute a repeal of a section of law prohibiting drivers from exceeding speed limits fixed by the State Traffic Commission cannot be permitted to thwart the obvious intent of the Legislature (People v. Fish, 23 Misc 2d 1084).
*687 While courts may not legislate, they are not prohibited from supplying a word or phrase where an obvious draftsman’s error would otherwise lead to absurd results and the clear intent of the Legislature is obvious in the statutory history of the enactment. (Matter of Deuel, 116 App. Div. 512.)
Defendant’s position necessarily depends on the court’s finding that the 1960 amendment impliedly repealed the former section which prohibited drivers from exceeding speed limits fixed by the State Traffic Commission for county and town roads.
Implied repeals are not favored by the law (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 391). When the Legislature intends to repeal an act it usually says so expressly. (Matter of Tiffany, 179 N. Y. 455.)
In order to avoid any unintentional repeals or “ sleepers ”, the rules of both houses of the Legislature require that a footnote be appended to any bill which repeals a section of law merely by reference. (Senate rule XXII, § 4; Assembly rule 9, subd. D.) The footnote appended to the bill that became chapter 300 of the Laws of 1960 states nothing with respect to any repeal of the substantive portion of section 1180.
This substantiates what is apparent from the title of the bill: The Legislature intended to clarify the Vehicle and Traffic Law. It did not intend to repeal any substantive portion of the law. It therefore follows that subdivision 4 of section 1180 of the Vehicle and Traffic Law must be construed to prohibit the same acts now as were prohibited by that subdivision prior to the enactment of chapter 300 of the Laws of 1960.
Subdivision 4 of section 1180 must be construed to embody a reference to both sections 1620 and 1622.
Defendant’s second point of law involves the troublesome question of traffic signs. I find that there was one area speed sign on the route which the complaining officer observed the defendant traveling. The proof also established that the police officer, who regularly patrolled the general area, had seen other signs about the area, but he could not specifically fix the location of such other signs.
Speed limits fixed by local authorities are not effective unless suitable signs are erected (Vehicle and Traffic Law, § 1683). The State Traffic Commission is not a local authority and section 1683 would not be applicable to its speed regulations. However, it would seem that some posting should be required as a condition of reasonableness (cf. People v. Shapiro, 7 N Y 2d 370). The commission order in this case directed the town to post certain signs.
*688 Proof that there was a sign which defendant passed and that other signs were erected in the general area of the town showing an area speed limit of 30 miles an hour was sufficient to comply with the general requirement of reasonableness, namely, that a speed regulation confined to a particular locality must be proclaimed by a reasonable posting of signs.
The specific requirement relating to village and city ordinances (Vehicle and Traffic Law, § 1683), may require different proof, depending on the nature of the regulation, hut a general area speed limit fixed by the State Traffic Commission for the unincorporated area of a town is, in my opinion, sufficiently proclaimed by a general posting in the area. Motions denied. Defendant found guilty.