J. Kehneth Servé, J.
On the 5th day of July, 1960 the defendant was convicted by a Court of Special Sessions of the Town of Ridgeway, Orleans County, New York, for a violation of subdivision 4 of section 56 [now § 1180] of the Vehicle and Traffic Law. The defendant has appealed from this conviction and the fine of $25 imposed upon him.
The information charged the defendant with operating his motor vehicle in a restricted zone at a speed of 46 miles per hour where no greater speed than 35 miles per hour was permitted by the State Traffic Commission.
Subdivision 4 of section 56 of the Vehicle and Traffic Law refers to section 95-c of the said law. Section 95-c was repealed by chapter 698 of the Laws of 1957 and the effective date of repeal was July 1, 1958. By sections 1620 and 1622 of the Vehicle and Traffic Law (L. 1957, ch. 698) the repealed provisions of subdivision 1 of section 95-c were substantially re-enacted into law. (People v. Fish, 23 Misc 2d 1084.)
Under the provisions of section 1620 of the Vehicle and Traffic Law, the State Traffic Commission is authorized to restrict the speed at which motor vehicles may proceed on or along State highways maintained by the State outside of cities and incorporated villages. In the event the State Traffic Commission exercises its authority to fix a rate of speed lower than 50 miles an hour, it must give adequate warning of such restricted speed. (People v. Shapiro, 7 N Y 2d 370.)
In this case the People were required to prove beyond a reasonable doubt (1) that the State Traffic Commission had in accordance with the law established the restricted speed zone, and (2) that the defendant was operating his motor vehicle in such restricted zone at a rate of speed greater than that permitted, and (3) that adequate signs were erected to warn users of the highway of such restricted speed zone. In an *801 effort to sustain the burden of proof, the People introduced into evidence a certified copy of the order of the State Traffic Commission which established a 35-mile per hour speed zone in the Town of Eidgeway, where the People claimed the defendant was operating his car at the time of the alleged violation. The order of the State Traffic Commission also provided for “ the erection and maintenance of signs in accordance with the standards of the State Traffic Commission to inform the public of the existence and limits of this restriction.”
The People did not offer any testimony whatsoever as to the erection and maintenance of signs to inform the public of the existence and limits of the restricted speed zone. No evidence was produced by the prosecution to establish that an adequate warning was given as to the restricted speed zone. In failing to establish by competent evidence the erection and maintenance of signs to inform the public of the existence and limits of the speed zone, the People did not sustain its burden of proving beyond a reasonable doubt one of the essential elements of the case and consequently the conviction cannot stand. (People v. Lepore, 9 Misc 2d 387.)
Under these circumstances, there is no necessity for passing upon the other points raised in the appellant’s case.
The judgment of the conviction of the Court of Special Sessions of the Town of Eidgeway is reversed, the information dismissed and the fine remitted.