Hamilton Ward, J.
Defendant appeals from a judgment [entered April 17, 1961] of the City Court of Buffalo [William Gr. Heffron, J.] convicting him of violating article 4 (par. 2, subd. b) of the Thruway Rules and Regulations filed in the office of the Department of State May 24, 1960. Defendant specifies several grounds of error in the court below. None of these will be discussed here except specifications 3-A, as none of such specifications is sufficient for reversal of the judgment of the court below.
Specification 3-A charges that the court below lacked jurisdiction to try the defendant. The basis of such charge is that the Thruway Authority had not promulgated an effective regulation declaring unlawful the speed at which the defendant is accused of traveling at the place in question.
Article 4, paragraph 2, and subdivision b are as follows:
RESOLUTION NO. 323
AMENDING THE RULES AND REGULATIONS BOR THE USE AND OCCUPANCY OB THE THRUWAY SYSTEM RELATIVE TO SPEED LIMITS
Resolved, that Paragraph 2 of Article 4 of the Rules and Regulations for the Use and Occupancy of the Thruway System, such Rules and Regulations having been adopted pursuant to Article 2, Title 9, of the Public Authorities Law, and filed in the Department of State on January 28, 1955, and such Paragraph 2 having been last amended by Resolution No. 257, filed in the Department of State on January 22, 1958, be further amended to read as follows:
2. Speed Limits.
a. The maximum rates of speed on the Thruway System by all vehicles except tandem trailer units as provided in subparagraph b, below, shall be as follows: Main Line: milepost 3.00 to milepost 496.00 (Pennsylvania State Line)
except the Tappan Zee Bridge) —60 miles per hour Berkshire Section from the Main Line to the Massachusetts State Line (except the Castleton-on-Hudson Bridge) — 60 miles per hour
Garden State Parkway Connection from the Main Line to the New Jersey State Line — 60 miles per hour.
Main Line: milepost 0.00 (New York City Line) to milepost 3.00 — 50 miles per hour
Tappan Zee Bridge — 50 miles per hour Castleton-omHudson Bridge — 50 miles per hour New Section
New York City (milepost 0.0 to milepost 3.54) —50 miles per hour New York City Line (milepost 3.54 to New Rochelle Toll Barrier (milepost 6.94) — 55 miles per hour
New Rochelle Toll Barrier (milepost 6.94) to Connecticut State Line (milepost 15.01) —60 miles per hour
*1026 Niagara Section
Interchange 55 (milepost 0.0) to South Grand Island Bridge (milepost 14.27) —50 miles per hour
South Grand Island Bridge (milepost 14.27 to milepost 15.00) — 35' miles per hour
Grand Island (milepost 15.00 to milepost 20.20) —- 60 miles per hour
North Grand Island Bridge (milepost 20.20 to milepost 21.12) — 35 miles per hour.
b. A rate of speed on the Thruway System by any vehicle in excess of sixty miles per hour shall be unlawful. A rate of speed on such system by a tandem trailer unit in excess of fifty miles per hour shall be unlawful. Where a lesser speed limit is posted on such system, the operation of a vehicle in excess of such posted speed limit shall be unlawful.
e. No person shall operate a vehicle on the Thruway System at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property. Under no conditions shall the speed exceed the limits established in this Paragrajoh 2: and further be it
Resolved, that any provisions of resolutions, rules or regulations heretofore adopted or established by this Authority which are inconsistent with the provisions of this resolution are hereby rescinded, and further be it
Resolved, that this amendment shall take effect at 0001 hours on June 1, 1960, and further be it
Resolved, that pursuant to Section 102 of the Executive Law, the original of this amendment be properly certified by the Secretary of this Authority and that it be filed in the Office of the Department of State of the State of New York, and further be it
Resolved, that the Special Counsel of this Authority is hereby directed to so file such certified original.
On April 17, 1961 the defendant was operating Ms automobile south on the Niagara Section of the New York State Thruway in the City of Buffalo. He arrived at a point where bridge construction was in progress. The lanes had narrowed and the movement of traffic was restricted. For some distance in either direction signs were posted limiting the speed of vehicles at that point to 30 miles an hour. The defendant is accused of traveling 50 miles per hour at that point.
The issue here is whether the New York State Thruway Authority has promulgated an effective regulation declaring speed in excess of 30 miles per hour at that point unlawful. The New York State Thruway Authority is authorized by the Legislature to promulgate rules and regulations restricting and regulating traffic on any of the highways under its jurisdiction (Public Authorities Law, art. 2, tit. 9, § 361; Vehicle and Traffic Law, art. 38, § 1630 [L. 1959, ch. 775]). These powers are sufficiently broad to authorize the enactment and promulgation of article 4 (par. 2, subd. b) above. When promulgated such regulation must be filed in the Department of State (N. Y. Const., *1027 art. IV, § 8). Unless so filed, such regulation is ineffective (People v. Cull, 10 N Y 2d 123 [July 7, 1961]). Acting within the legislative grant, the New York State Thruway Authority promulgated the above regulation and duly filed it in the Department of State.
The information here charges the defendant with violating article 4 (par. 2, subd. b) above. On this information, the defendant was tried and convicted. If the defendant has violated subdivision b, he has done so because of the language of the last sentence thereof which is as follows: “ Where a lesser speed is posted on such system, the operation of a vehicle in excess of such posted speed limit shall be unlawful.” This language is clear and within the legislative grant. It is not disputed that the area in question was posted to the lesser speed of 30 miles per hour. By this regulation the New York State Thruway Authority may limit speeds to lesser máximums than scheduled in article 4 (par. 2, subd. 2) when necessary for the public safety and convenience, for the preservation of its property and for the collection of tolls. The obedience of the public is exacted through the erection of a proper sign (People v. Corwin, 304 N. Y. 362, 366). The posting must be done in such a manner as will advise the passing motorist of the speed limit contained in the regulation. This was done here. The judgment is affirmed.