Albert A. Oppido, J.
This is an appeal by defendant from a conviction in the Police Justice Court of the Incorporated Village of Hempstead in which an information was filed charging that on March 19, 1962, the defendant violated subdivision 9 of section 4 of the Multiple Residence Regulations of the Building Code of the Village of Hempstead in that the said defendant allegedly failed to have a superintendent, janitor or housekeeper on the premises.
The underlying question presented is, where the People fail to establish the defendant’s guilt beyond a reasonable doubt, and the defendant moves to dismiss the charge, and the court denies the motion, can subsequent testimony cure the defect in the People’s case? If the answer to this question is in the negative, then the judgment of conviction must be reversed.
In People v. Fazio (5 N. Y. S. 2d 195, 196-197 [City Ct., Rochester]) a similar question arose. There it was said: “ At the close of the People’s case, a motion was made to dismiss the information upon the ground that the testimony did not establish the defendant’s guilt. The motion was denied. The defendant was then sworn. His testimony tends to establish that the offense was committed. May the testimony of a defendant supply what the evidence offered by the prosecution failed to establish beyond a reasonable doubt? In People v. Raubvogel, 217 App. Div. 733, 216 N. Y. S. 891, it was held, no opinion *402 being written, where 1 The People have failed to establish, beyond a reasonable doubt, the guilt of the defendant, it was the duty of the court to dismiss the information at the end of the people’s case.’ In that case, a motion was made to dismiss at the close of the People’s case. It was denied. The defendant then took the stand, as in this case. At conclusion of the defendant’s case, the motion was renewed and then denied. Conviction and sentence followed. In this case, the defendant’s motion to dismiss, made at the conclusion of plaintiff’s case, should have been granted. To correct this error in denying it, the motion must now be granted.
“ To force the defendant to proof in the hope of avoiding conviction, is subversive of the rule that the burden is on the people to establish beyond a reasonable doubt a defendant’s guilt. The denial of such motion where it should have been granted is in effect to ignore the constitutional provision, Art. 1, § 6, that ‘ No person shall * * * be compelled * * * to be a witness against himself.’ While a defendant’s taking the stand in his own defense is a waiver of the constitutional shield of protection (People v. Cassidy, 213 N. Y. 388, 394, 107 N. E. 713; Ann. Cas. 1916C, 1009), yet in actual practice, when his motion to dismiss is erroneously denied, he is thereby challenged to prove his innocence, though his guilt has not been established. This practice violates the spirit of the constitutional mandate.” (See, also, 23A C. J. S., Criminal Law, § 1149, p. 395, n. 21.)
In the instant case, the People did not prove the defendant guilty beyond a reasonable doubt. The People did not prove that the buildings in question constituted a multiple residence as defined by the Building Code of Hempstead, and testimony, subsequent to the defendant’s timely motion to dismiss, will not cure the defect in the People’s case. The judgment of conviction is hereby reversed.