**UNITED STATES ex rel. Arthur SPINNEY, Petitioner,**

v.

**Edward M. FAY, Warden, Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.

April 16, 1964.

See also D.C., 221 F.Supp. 419.

————◆————

Arthur Spinney, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent. Ronald J. Offenkrantz, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

The petitioner seeks a writ of habeas corpus and the vacatur of a New York State judgment of conviction on the ground that his Federally protected right to a fair trial was violated. The basis of attack is that exhibits in evidence which were requested by the jury during its deliberation were submitted in the defendant's absence and without his knowledge. His counsel was present and consented that they be sent to the jury. No appeal was taken from the judgment of conviction. Petitioner, however, several years after his conviction, presented his present claim to the New York State courts where, following a hearing, it was rejected.[1]

▮ The petitioner's claim is without substance. The submission of exhibits, admitted in evidence, to a jury

1. People ex rel. Spinney v. Fay, 19 App. Div.2d 592, 240 N.Y.S.2d 947 (2d Dep't), leave to appeal denied, 13 N.Y.2d 596, 243 N.Y.S.2d 26 (1963).

upon its request, with the consent of defendant's counsel but in the absence of the defendant, did not violate defendant's Federally protected right to due process under the Fourteenth Amendment of the United States Constitution. The controlling constitutional standard for determining whether defendant must be present at a particular stage of his trial in order to assure a substantially fair trial was set forth in Snyder v. Massachusetts.[2] There, in accordance with State procedures, the jury viewed the scene of the crime in the absence of the defendant. In upholding the conviction, Mr. Justice Cardozo said that the defendant's presence was constitutionally necessary where:

> "It bears, or may fairly be assumed to bear, a relation, reasonably substantial, to his opportunity to defend. Nowhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when presence would be useless, or the benefit but a shadow."[3]

If, as our Court of Appeals has held, the reading of testimony of witnesses to a jury in the absence of a defendant does not impinge upon his right to a fair trial,[4] there is even less basis for any such contention in sending in exhibits to a jury in his absence.

■ At the time of the trial New York State law provided that the Court could permit the jury upon retiring to take any paper or article which had been received in evidence, but only upon the consent of the defendant and the prosecution.[5] In the State Court habeas corpus proceeding the Judge acknowledged that in sending the exhibits to the jury without the consent of the petitioner the statute was violated, but held that no appeal having been taken,

State habeas corpus could not be used to review the error since the Court was not deprived of jurisdiction. However, assuming error was committed under State law, this does not necessarily establish a violation of a Federally protected right.[6] The essential question is whether or not defendant had a fair trial, and this the defendant did have.

The petition is denied.

---

2. 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934).

3. Id., at 106–107, 54 S.Ct. at 332, 78 L.Ed. 674.

4. United States ex rel. Shapiro v. Jackson, 263 F.2d 282 (2d Cir. 1959).

5. N.Y.Code of Crim.Proc. § 425.

6. United States ex rel. Birch v. Fay, 190 F.Supp. 105 (S.D.N.Y.1961).