George F. X. McInerney, J.
On appeal, the judgment of the Court of Special Sessions is reversed upon the law and the facts and the case is remanded to the Hon. Oscar Murov, Police Justice of the Village of Lindenhurst, for a new trial.
On July 22, 1963, at about 2:00 a.m., the defendant-appellant was observed by Suffolk County Patrolman William May driving in a westerly direction on Montauk Highway in the Village of Lindenhurst near the intersection of South Delaware Avenue at a high rate of speed. The officer clocked the defendant for about 2% to 3 miles doing 55 miles per hour in a 30-mile-per-hour zone. The officer testified that he drove between 35,000 and 40,000 miles a year and had been doing so for 4 years. He also testified that he often had the opportunity to check his estimate of the speed of moving vehicles against a calibrated clocking-device and that he was always within 5 miles per hour of the true speed of the vehicle. In the opinion of the officer the defendant was doing at least 50 miles per hour on the morning in question.
The officer further testified that 30-mile-per-hour speed zone signs are posted along Montauk Highway, one of them being at Park Avenue and Montauk Highway. The defendant sought to introduce a letter from the State Traffic Commission relative to the matter of the posting of signs and the court refused to allow it to go into evidence.
The defendant took the stand and admitted he was going 40 miles per hour on the morning in question. Defense counsel *1018 sought time to submit a certified letter from the State Traffic Commission and this request was denied.
The primary issue on this appeal is the meaning of “ competent evidence ” as used in subdivisions (c) and (d) of section 1110 of the Vehicle and Traffic Law. Before the enactment of this statute the burden was on the District Attorney to establish that the special zones were properly established by a certified statement from the State Traffic Commission or by proof of the presence of signs pursuant to law. (People v. Van Wieren, 15 Misc 2d 106.) The District Attorney is correct when he states that the burden has now shifted to the defendant. However, it does not follow that because the District Attorney formerly had to produce a certified statement that now the defendant has to produce a certified statement. The defendant is entitled to a narrow construction of the statute in his favor.
Since section 21 of the Penal Law is not pertinent, the most appropriate source to look for guidance is section 276 of the Statutes (McKinney’s Cons. Laws of N. Y., Book 1). It is only in extraordinary cases that the court is justified in extending the application of the statute beyond the plain words thereof. Words employed in a statute should be given their ordinary and usual meaning. There is no allegation that the letter is inaccurate or a forgery. In the opinion of the court the letter clearly comes within an exception to the hearsay rule in that it was a business record made in the regular course of business and that it was the regular course of such business to make said record. (CPLR 4518, subd. [a].)
It is clear from the letter of July 27,1964, from the Division of Traffic Engineering of New York State that section 46 of the Highway Law and section 1684 of the Vehicle and Traffic Law were not complied with relative to the ordinance regulating speed in the Village of Lindenhurst.
If judicial notice should be taken of orders specified in section 1612 of the Vehicle and Traffic Law, possible judicial notice should be taken where there are no orders.