Donald J. Mark, J.
The defendant was charged with operating his motor vehicle 60 miles per hour in a 40-mile-per-hour *151 zone in violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law. At the conclusion of the People’s case the defendant moved to dismiss the information upon the ground that the prosecution had offered insufficient proof as to posting.
Decision was reserved on the defendant’s motion. The defendant’s subsequent testimony then established the fact that he had passed both a warning sign to reduce speed and a 40-mile-per-hour speed-limit sign prior to the violation for which he was charged.
The law is clear that if a motion to dismiss at the close of the People’s case should properly have been granted, later testimony by the defendant cannot be used to supply what the evidence offered by the prosecution failed to prove. (People v. Raubvogel, 217 App. Div. 733 [1st Dept., 1926]; People v. Rosen, 40 Misc 2d 401 [County Ct., Nassau County, 1963].)
Thus, it need only be determined if the proof offered by the People in regard to posting were sufficient.
The only evidence offered by the prosecution to prove proper posting was the testimony of the arresting officer that he knew this was a 40-mile-per-hour speed zone because “ there was several speed zone signs in that area,” that- these were the normal regulation size signs and that he saw these signs on the date of the alleged violation.
The law has now evolved to a point that in a prosecution for speeding there is a presumption that a speed zone has been properly established. (People v. Kesten, 15 N Y 2d 857 [1965] ; People v. Hollingsworth, 46 Misc 2d 1017 [County Ct., Suffolk County, 1965].)
However, there still must be proof that signs were erected to afford reasonable notice of such restricted speed zone (People v. Lathrop, 3 N Y 2d 551 [1958]; People v. O’Malley, 31 Misc 2d 1024 [Sup. Ct., Erie County, 1961], affd. 11 N Y 2d 943 [1962]), except that, in a prosecution for speeding in a 50-mile-per-hour zone, proof as to the absence of signs is presumptive evidence that no greater speed limit was established. (People v. Shapiro, 7 N Y 2d 370 [1960]; People v. Aubin, 231 N. Y. S. 2d 466 [County Ct., Jefferson County, 1962].)
Even though the court knows that the signs were properly posted, judicial notice cannot be taken of such posting. (People v. Silcox, 34 Misc 2d 335 [County Ct., Orleans County, 1962]; People v. Salzburg, 47 Misc 2d 866 [County Ct., Nassau County, 1965].)
In People v. Ryan (32 Misc 2d 800) a conviction for speeding was reversed upon the ground that no evidence was introduced showing the existence of speed-zone signs although the estab *152 lishment of a 35-mile-per-hour zone by the State Traffic Commission was proved to the .satisfaction of the court.
In People v. Lord (29 Misc 2d 685) the arresting officer testified he observed one speed-limit sign which the defendant passed and that there were other signs in the area, which signs he could not specifically locate. The court found that this met the test of reasonable posting.
The proof in regard to posting in the instant case exceeds the proof offered in People v. Ryan (supra) but falls short of the proof adduced in People v. Lord (supra). There is lacking any prosecution evidence that the defendant passed a speed-limit sign prior to the violation. It would seem that less proof than that introduced in the- Lord case would not comply with the standard of reasonableness.
Therefore, the defendant’s motion to dismiss the information is hereby granted.