■ In the Matter of DONALD V. SHIELDS, Petitioner, v. WILLIAM S. HULTS, as Commissioner of the Department of Motor Vehicles, Respondent.— REYNOLDS, J. Proceeding pursuant to article 78 of the CPLR to review an order of the Commissioner of Motor Vehicles revoking petitioner's driver's license on the ground he refused to take a breathalyzer test. It is not disputed that the arresting officer had cause to request that petitioner take the test and that petitioner refused to take the test. Petitioner's position is that he was justified in refusing to take the test because the police officer would not allow him to call a physician of his own choosing for the purpose of administering an additional test as permitted by subdivision 4 of section 1194 of the Vehicle and Traffic Law. The testimony, however, as to what transpired is at variance and thus depends on the credibility to be afforded to the witnesses involved. On the instant record the hearing officer could and did find as a matter of fact that rather than being refused permission to have his own physician administer an additional test that petitioner refused to take the test unless his own physician were present; that the trooper told petitioner that after he submitted to the breathalyzer test he could then arrange to have his own physician administer an additional test; and that petitioner insisted on having his own physician present even at the police test. Of course, he had no right to have his personal physician present at the police test (*Matter of Sowa* v. *Hults,* 22 A D 2d 730, 731). Furthermore, even if we were to accept everything testified to by petitioner as true, he would not have been justified in refusing to take the test. The right to an additional test is separate and distinct from the test which the authorities give. If he had taken the test and then was refused access to his own physician conceivably he would have grounds for quashing the results of the police test. But refusal, apparent or imagined, of access to a physician before the police test cannot alone serve as justifiable grounds for refusing to submit to the test (see *Matter of Finocchairo* v. *Kelly,* 11 N Y 2d 58, cert. den. 370 U. S. 912). Determination confirmed, without costs. Gibson, P. J., Herlihy, Aulisi and Staley, Jr., JJ., concur.