John S. Lockman, J.
On July 14, 1966, at 8:40 a.m. the defendant was charged with violating Town of Hempstead Local Law No. 7 in that he operated his motor vehicle at 49 miles an hour in a 30-mile zone. During the People’s case it was established that on June 14, 1966, the Hempstead Town Board amended Local Law No. 7, “ effective date July 7, 1966,” so that the speed zone in question was increased to 45 miles an hour, but no signs to that effect were posted as of July 14, 1966, the date of the violation.
Since section 3.0 of Local Law No. 7 provides, “No maximum speed limit specified by this Local Law * * * shall be effective until signs * * * giving notice thereof are posted on the highways ”, the People contend that the speed limit remained 30 miles an hour on July 14, 1966, one week after the effective date set forth in the statute.
This contention is without merit for two reasons: (1) the People do not distinguish enforcement from validity (see People v. Silcox, 34 Misc 2d 335; People v. Cull, 10 N Y 2d 123; People v. Mayoue, 50 Misc 2d 150); (2) the Town Board cannot delgate legislative functions to administrative officials, such as the foreman of the sign shop, especially where no standards have been established (Matter of Lyons v. Prince, 281 N. Y. 557; Matter of Barton Trucking Corp. v. O’Connell, 7 N Y 2d 299).
Motion to dismiss information granted.