**STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**James D. LANCE, Appellee.**

**No. 47707.**

Supreme Court of Oklahoma.

Oct. 28, 1975.

Robert D. Dennis, Associate Counsel, Oklahoma Dept. of Public Safety, Oklahoma City, for appellant.

Burl A. Peveto, Jr., Sulphur, for appellee.

DOOLIN, Justice.

Appellant, Department of Public Safety (Department) by administrative action revoked the license of appellee James Lance pursuant to 47 O.S.1971 § 753 which provides that:

"Refusal to submit to test.—If a conscious person under arrest refuses to submit to chemical testing, none shall be given, but the Oklahoma Commissioner of Public Safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways while under the influence of alcohol or intoxicating liquor, and that the person had refused to submit to the test or tests, shall revoke his license to drive and any nonresident operating privilege for a period of six months; . . .."

Lance was arrested for driving under the influence of alcohol. The arresting officers testified during the administrative hearing, that they advised Lance several times that he could refuse to take a breath test or blood test, but that if he did his driver's license would be revoked. He was further advised that he could arrange for a physician of his own chosing to administer a chemical test in addition to any administered by the Department. Lance requested that Dr. T. be called, and conditioned his acceptance of a blood test upon Dr. T.'s administering it. The officers made several attempts to locate Dr. T., even sending a patrol car to his residence, but were unable to contact him. Lance still refused the test unless Dr. T. could be located.

The officers submitted the affidavit required by § 753 and Lance's driver's license was suspended for a period of six months. Upon hearing by the Department Commissioner, the suspension was upheld. Lance appealed to the district court. By stipulation of counsel, the district court used the transcript of the administrative hearing and no new evidence was considered. The trial court set aside the administrative order and ruled that Lance's request for Dr. T. was not tantamount to a refusal to submit to a chemical test.

The Department appeals to this Court.

The purpose of the suspension statute is to protect the public, not to punish the licensee. Therefore, because of the rapidity with which the passage of time eliminates the alcohol ingested by the body, anything less than an unqualified consent by the licensee constitutes a refusal to do so. The statute does not sanction a qualified or conditional refusal to take the test. *Robertson v. State ex rel. Lester*, 501 P.2d 1099 (Okl.1972). Other jurisdictions have held that a licensee may not qualify his consent to a blood test by the condition that the test be administered by his own physician. See *Shield v. Hults*, 26 A.D.2d

971, 274 N.Y.S.2d 760 (1966), *Fallis v. Department of Motor Vehicles*, 264 Cal.App.2d 373, 70 Cal.Rptr. 595 (1968).

Trial Court reversed, Order of Commissioner for the Department of Public Safety reinstated.

All the Justices concur.