OPINION OF THE COURT
Donald J. Mark, J.
The defendant is charged with operating a motor vehicle while under the influence of alcohol in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law.
He has made an application pursuant to subdivision 8 of section 1194 of the Vehicle and Traffic Law to suppress the result of a breathalyzer test upon the ground that he was denied his right to have a physician of his own choosing administer a chemical test in addition to the one administered at the direction of a police officer.
After the defendant was arrested on the above charge, the Deputy Sheriff advised him of his rights in accordance with subdivision 4 of section 1194 and requested him to submit to a breathalyzer test. The defendant then asked if he would be able to take a blood test and the Deputy Sheriff answered that he could only offer the breathalyzer test. The Deputy Sheriff further responded that when the defendant was released, he could have somebody take him to his own doctor or to a hospital.
The defendant complied with the request of the Deputy Sheriff and submitted to the breathalyzer test. A short time after its completion, the defendant was issued an appearance ticket and then driven to his residence by the Deputy Sheriff. The defendant did not have another test conducted after his release. It is undisputed that the county Sheriff’s department has effected no procedure to accommodate a defendant who demands an additional chemical test.
It is the claim of the defendant that because of his request for a blood test, after administering the breathalyzer test, it was the obligation of the Deputy Sheriff to transport him to a hospital for a blood test, presumably at county expense. The People resist this motion upon the basis that the only responsibility of the police is not to prevent such a test and that this *388 was satisfied by the release of the defendant on an appearance ticket, and that there was no proper demand for an additional test by the defendant.
Subdivision 8 of section 1194 provides as follows: “The person tested shall be permitted to have a physician of his own choosing administer a chemical test in addition to the one administered at the direction of the police officer.”
The police conduct in this case was not violative of any aspect of section 1194 prior to the breathalyzer test of the defendant. The Deputy Sheriff had reasonable grounds to believe the defendant was driving while intoxicated (Matter of Litts v Melton, 57 AD2d 1027), and the test was conducted within two hours after the arrest (Matter of White v Fisher, 49 AD2d 450). The police were not required to advise the defendant that he could have his own physician administer the test (People v Coppock, 206 Misc 89), but he was given adequate warning of the effect of his refusal to submit to a chemical test (Matter of Di Girolamo v Melton, 60 AD2d 960).
The defendant likewise complied with the requirements of section 1194. He did not dictate the manner in which the chemical test should be conducted (Matter of Litts v Melton, supra), nor did he impose any conditions (Matter of Cushman v Tofany, 36 AD2d 1000; Matter of Sowa v Hults, 22 AD2d 730). The defendant voluntarily submitted to the breathalyzer test requested (People v Ward, 307 NY 73), so he properly could have demanded that he have an additional chemical test administered by his own physician (Matter of Litts v Melton, supra).
Based upon this factual predicate, if the defendant were refused access to his own doctor, this would be the ground for quashing the result of the breathalyzer test (Matter of Shields v Hults, 26 AD2d 971).
There are two reasons why the defendant’s application cannot succeed.
The first reason is that the defendant was permitted to have his own physician administer an additional test.
It is a general rule in the interpretation of statutes that words of ordinary import are to be construed according to their ordinary and usual meaning (People ex rel. Jones v Langan, 196 NY 551; People v Florus, 67 Misc 2d 809; People v Hollingsworth, 46 Misc 2d 1017). The term "permit” means *389 to allow to happen, to fail to prevent (People v Ahrend Co., 308 NY 112; People v Lustig, 94 Misc 2d 669).
According to this interpretation of "permit,” the defendant was allowed to arrange, and not prevented from arranging, an additional chemical test. The Deputy Sheriff here had three options available to him after the completion of the breathalyzer test. He could have effected the arraignment of the defendant before the appropriate local criminal court (CPL 140.20, subd 1), had the appropriate police officer at the county jail fix prearraignment bail (CPL 140.20, subd 2, par [b]) or issued an appearance ticket to the defendant and release him from custody (CPL 140.20, subd 2, par [a]).
The Deputy Sheriff chose the third option, which was the only course that assured that the defendant was allowed to arrange, and not prevented from arranging, an additional chemical test by his own physician. Thus, there was no violation of subdivision 8 of section 1194 by the police.
Support for this conclusion can be found in Matter of Shields v Hults (supra), the case closest to the instant case. There, a revocation of the petitioner’s operator’s license was upheld where he refused to take the chemical test unless his own physician were present. As in this case, "the trooper told petitioner that after he submitted to the breathalyzer test he could then arrange to have his own physician administer an additional test”. (26 AD2d, at p 971.) It was held that if the petitioner "had taken the test and then was refused access to his own physician conceivably he would have grounds for quashing the results of the police test” (supra, p 971; emphasis added).
The action of the police in this case was consistent with the defendant being accorded access to his own doctor to have an additional chemical test taken.
There may be an extreme situation where the defendant’s theory should prevail (e.g., an out-of-State defendant who although issued an appearance ticket and released has ho one to transport him, or insufficient funds to hire a taxi to transport him, to a hospital for an additional test, and this is made known to the police). Perhaps each case should be decided on an ad hoc basis (see People v Ortiz, 99 Misc 2d 1069). In any event, on the facts of this case, no different result should ensue.
The second reason is that the defendant did not in fact *390 demand that he be permitted to have an additional chemical test administered.
It is evident from the language employed by the defendant that he was inquiring as to the possibility of submitting to a blood test after the Deputy Sheriff gave him the statutory warnings and asked him if he would submit to a chemical test. This inquiry was not a request to have an additional test administered. Nothing further was said in this regard after the breathalyzer test was completed. The defendant cannot now in light of hindsight convert a random inquiry into a statutory demand.
There are a panoply of constitutional and statutory rights available to a defendant which he can waive by not properly asserting them. For example, a defendant has a constitutional right not to be interrogated by the police when he requests an attorney (Miranda v Arizona, 384 US 436), but this rule is inapplicable to a request to be taken to church (People v Byrne, 47 NY2d 117). For another example, a defendant has a statutory right under certain conditions to withdraw his plea of guilty (CPL 220.60, subd 3; People v Nixon, 21 NY2d 338), but a statement made to request a sentence of probation is insufficient to alert the court that the defendant is protesting his innocence (People v Scott, 62 AD2d 971).
A defendant may not pervert the system by subsequently claiming a denial of a right unless the request was clearly and unconditionally presented in the first instance (see People v McIntyre, 36 NY2d 10).
The defendant in this case has not met this standard, so his application must fail on this score also.
Accordingly, the application of the defendant to suppress the result of the breathalyzer test is denied.