OPINION OF THE COURT
Raymond T. Buckner, J.
This case was commenced in the Town Court, Town of Ogden, by the filing of a simplified traffic information charging the defendant with a violation of Vehicle and Traffic Law § 1192 (2) and (3) and § 1126 (a). On August 27, 1984, the defendant appeared in court with his attorney, Mr. Thomas DiSalvo, Esq., present. The defendant was arraigned and advised of his rights; and, thereafter, the case was adjourned to September 20, 1984 for disposition. On September 20, 1984, the case was again adjourned to October 18, 1984 for disposition and/or motions. The defendant’s attorney requested a further adjournment for motions, and the case was ultimately adjourned to November 15, 1984, at which time motions were heard.
Defendant’s notice of motion in part seeks to suppress the results of the breathalyzer test upon the grounds that the defendant’s procedural rights to due process were violated in that he was not informed of his right pursuant to Vehicle and Traffic Law § 1194 (8) to have his own physician perform an alcohol test subsequent to the breathalyzer test administered by the Monroe County Sheriff’s Department. Section 1194 (8) states “The person tested shall be permitted to have a physician of his own choosing administer a chemical test in addition to the one administered at the direction of the police officer.” The defendant relies upon the case of People v Hoats (102 Misc 2d 386 [1979]), in support of his motion to suppress the results of the breathalyzer.
*582 The People in opposition to the defendant’s notice of motion to suppress the breathalyzer also rely on the case of People v Hoats (supra) to support their position that the defendant’s notice of motion to suppress should be denied. It is the position of the People that the police are not required to advise the defendant that he could have his own physician administer a test. Defendant states that the arresting agency was under an obligation to inform him of his right to have a second test performed when there are no facts or any indication that the defendant knew he had a right to a second test.
It is the decision of this court that the People have no burden of informing the defendant of his right to obtain a second test where the defendant remains silent with regard to the permissibility of obtaining a test on his own or, as in the instant case, where it is now alleged that the defendant had no knowledge of a right to obtain a second test.
Wherefore, the defendant’s application and notice of motion to suppress the breathalyzer test is hereby denied, and the case is continued for disposition to February 5, 1985, at 8:00 p.m.