Per Curiam.

There is ample evidence in the record to establish that section 54 of the Vehicle and Traffic Law was substantially complied with by the placement of speed signs in such a manner and at such locations as to afford this defendant fair notice of the limits of speed within the village (see People v. Burmann, 307 N. Y. 871). Proof of the presence or absence of exit speed signs would have no bearing on defendant’s conviction for the speeding violation which was committed within the village limits.
The question as to the validity of that portion of the ordinance which provides that an offender shall be a disorderly person and that the violation of the ordinance shall constitute disorderly conduct need not be determined here since defendant was not found to be, nor punished as, a disorderly person. Nevertheless, assuming that such part of the ordinance was invalid as alleged, the portion of the ordinance under which defendant was convicted and fined is severable and enforcible despite the invalidity of the section referred to (see People ex rel. Alpha Portland Cement Co. v. Knapp, 230 N. Y. 48, 60; Bronx Gas & Elec. Co. v. Maltbie, 268 N. Y. 278, 292; People v. Mancuso, 255 N. Y. 463, 473; Teeval Co. v. Stern, 301 N. Y. 346, 368).
*554 The judgment of the County Court, Onondaga County, should be affirmed.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Judgment affirmed.