Herman H. Tietjen, Acting Village Justice.
Defendant was given a uniform traffic summons on July 21, 1971 charging him with traveling 38 miles per hour in a 25 miles per hour zone on Montgomery Street in the Village of Rhinebeclc, New York. The summons was issued by a member of the Dutchess County Sheriff's office on special assignment in the village, after being notified that the defendant was exceeding the legal limit by another member of the said Sheriff’s department, operating a radar set. On his arraignment, defendant entered a plea of not guilty and trial was held on August 26,1971.
At the trial both the People and defendant represented themselves, without the aid of counsel. As a result of the trial the main issue which developed was whether the speed zone was properly posted in accordance with the State law and regulations. It is to this issue that we address ourselves.
On direct testimony, defendant testified that, as he came into Montgomery Street from Mt. Rutsen Road (Montgomery Street being an extension of Mt. Rutsen Road) he passed a poorly visible 25 miles per hour speed sign which he testified measured 18 inches by 24 inches, white with black letters. - The sign was partly obscured by brush as one entered Montgomery Street from Mt. Rutsen Road. Defendant contended that, since Montgomery Street was not properly posted, the general State speed limit prevailed and that he did not exceed this limit. In support of his position, defendant directed the court’s attention to subdivision (b) of section 1110 and section 1680 of the Vehicle and Traffic Law, together with official Rules and Regulations of the Department of Transportation. The arresting officers, on the other hand testified as to the sufficiency of the radar and brought into issue whether the sign in question was visible. The sufficiency of the radar was not questioned by the defendant herein and therefore is deemed to not have been a controverted item and for the purpose of this decision shall be deemed to have been sufficiently proven.
Section 1110 of the Vehicle and Traffic Law requires the motorist to obey the instructions of any official traffic control device, unless ordered otherwise by a traffic or police officer. The section also provides that in the event that official signs are not in proper position and sufficiently legible to be seen by the ordinary person, obedience to them cannot be enforced. *647 Section 1680 of the Vehicle and Traffic Law empowers the Commissioner of Transportation to adopt a manual of uniform traffic devices, which includes traffic signs. Local authorities are required to install traffic control signs in accordance with this manual, pursuant to section 1682 of the Vehicle and Traffic Law. Therefore, it is necessary to look at the above-mentioned manual for appropriate guidance.
Defendant cites title 15 of the Official Compilation of Codes, Rules and Regulations of the State of New York (hereinafter cited as 15 NYCRR).
15 NYCRR 208.6 (a) reads: “ Begin signs. (1) An R5, R 5A or R 5B sign shall be used as a begin sign for linear speed limits above or below the State-wide 50 MPH limit.” In the case at bar, the R 5C sign (18 inches by 24 inches) was in place. 15 NYCRR 208.6 (b) calls for intermediate signs to be posted after the begin sign, the first sign to be 1,000 feet beyond the begin sign.
In addition, defendant noted that an area speed limit sign was not in place in accordance with 15 NYCRR 208.7(b). The section requires use of an R 10 (36 inches by 48 inches) or R 10B (24 inches by 36 inches) sign for village-wide speed limits. Where the area is only a portion of the municipality, an R 11 (36 inches by 48 inches) or R 11B (24 .inches by 36 inches) sign shall be used. Within the area, 15 NYCRR 208.7(b) (3) requires specific-size signs to be used to indicate the continued effect of the area speed limit. For instance, in the case at bar, the Village of Rhinebeck used an R 5C sign measuring 18 inches by 24 inches as the begin sign. According to 15 NYCRR 208.8(d) (2) “ The R 5A and R 5C signs are suitable for use by local authorities for interior supplementary posting of area speed limits. The R 5C sign may be used for this purpose only.” It is therefore abundantly clear, in the opinion of this court, that the village has completely failed to properly mark the speed zone in question, and therefore, according to section 1110 of the Vehicle and Traffic Law, the motorist cannot be compelled to obey the alleged speed zone.
It is the duty of local authorities to erect and maintain traffic control signs in accordance with law (Vehicle and Traffic Law, § 1682). In the instant case this has not been done. A municipality has a duty and obligation to first correctly inform the traveling public of legal speed on its streets before enforcing any speed laws. Justice and fair play require that the traveling public be forewarned. In view of the fact that the municipality in this instance failed to properly have the thoroughfare in *648 question correctly posted, that municipality cannot expect this court to enforce an improperly marked speed zone. In view of the fact that the defendant herein was not exceeding the State speed limit, nor was the charge in this instance speed imprudent or improper under the circumstances, this court has no alternative but to dismiss the summons in question. This decision shall also constitute the order of this court.