**CITY OF KANSAS CITY, Missouri, Respondent,**

v.

**Anna M. CORLEY, Appellant.**

**No. 28756.**

Missouri Court of Appeals, Kansas City District.

April 13, 1977.

Motion for Rehearing and/or Transfer Denied June 1, 1977.

Application to Transfer Denied July 11, 1977.

---

Roy W. Brown, Kansas City, for appellant.

Aaron A. Wilson, City Atty., Louis W. Benecke, City Prosecutor, Charles J. DeFeo, Jr., Asst. City Prosecutor, Kansas City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Anna M. Corley was charged with speeding in violation of Kansas City ordinance. In municipal court she was found guilty and fined $22.00. She appealed to the circuit court. On trial there she was again found guilty and a fine of $22.00 assessed. She has appealed to this court.

At the circuit court trial, the city's evidence showed that a Kansas City police officer who had set up a radar speed checkpoint in the vicinity of Vivion Road and Troost Avenue in Kansas City North (Clay County), at around 4:08 P.M., October 29, 1975, observed Ms. Anna M. Corley, operating a motor vehicle eastbound on Vivion in what appeared to be in excess of the normal rate of traffic flow for the location. The area had a posted speed limit of 40 miles per hour. The radar instrument recorded Ms Corley's speed at 52 miles per hour. Ms. Corley's auto was stopped and she was issued a summons to appear in municipal court on a charge of speed in excess of posted limit.

The arresting officer testified that Ms. Corley's auto had a city license issued by the City of Gladstone. Her driver's license showed her to be a resident of that city. On cross-examination the officer was asked whether or not at every point where a Kansas City street crossed the city limits a sign was posted showing the city speed limits. The officer stated that he did not have such information but would assume that no such sign was posted at every such point. Defense counsel then moved to dismiss the charge on the grounds that the city had failed to show compliance with § 304.120, subd. 1., RSMo 1975 Supp. The motion was overruled.

Ms. Corley, testifying in her own behalf, stated that she had been a resident of Gladstone for 12 years and had not been in Kansas City for a period of 48 hours immediately prior to her arrest and that she did not know the speed limit in the area where she was stopped.

The officer who stopped Ms. Corley identified photographs of signs posted on Vivion Road, one .4 mile and one .1 mile west of the point where Ms. Corley was stopped, the sign facing the direction of Ms. Corley's travel and being on the right side of the two-lane roadway, some five feet from the edge of the pavement. When asked about her familiarity with these signs by reason of her travelling that road, she stated: "Well, if that's Vivion Road, and the signs were there, I guess I was supposed to have knowledge of [the speed limit]."

At the conclusion of the case, defense counsel's motion to dismiss for failure to comply with § 304.120 was overruled. She was found guilty and a fine of $22.00 imposed.

In this court, appellant renews her contention that she was entitled to be discharged because the city failed to show that it had complied with § 304.120, subd. 1, by posting signs of the speed limit as there required. § 304.120, subd. 1, provides:

"1. Municipalities, by ordinance, may establish reasonable speed regulations for motor vehicles within the limits of such municipalities. No person who is not a resident of such municipality and who has not been within the limits thereof for a continuous period of more than forty-eight hours, shall be convicted of a violation of such ordinances, unless it is shown by competent evidence that there was posted at the place where the boundary of such municipality joins or crosses any highway a sign displaying in black letters no less than four inches high and one inch wide on a white background the speed fixed by such municipality so that such sign may be clearly seen by operators and drivers from their vehicles upon entering such municipality."

Sections 34.89 and 34.91, Revised Ordinance of Kansas City, provide as follows:

"No person shall operate a vehicle upon any street or highway, at a speed in excess of twenty-five miles per hour, unless signs are posted designating another speed limit. (R.O.S. 58.270(a), added by Ord. No. 27341, 4–6–62; C.S.Ord. No. 41525, 10–20–72)

"Whenever it is determined on the basis of an engineering and traffic investigation that the maximum safe speed on any through street or portion thereof is greater or less than as otherwise provided in this chapter, and when the director of transportation makes regulations designating a special speed limit on said street or portion thereof, and when appropriate speed limit signs are erected, no person shall operate a vehicle in excess of the maximum speed indicated on said signs. A list of streets with special speed limits shall be maintained in the office of the city clerk and the director of transportation. (New, C.S.Ord. No. 41525, 10–20–72)"

Defense counsel produced a photograph of a sign posted at the Kansas City city limits, showing a 55-mile per hour speed limit, along with a sign stating: "Speed Limit 25 Except Where Posted." There was no evidence that such a sign was posted at every street leading into the city.

■ The obvious purpose of § 304.120, subd. 1, is to assure that nonresidents travelling through the state are given reasonable notice of the speed limits in the various municipalities if they are to be charged with violation of municipal regulations in that regard. Some earlier cases in other jurisdictions have given rather strict, literal construction to statutes such as this and have denied municipalities the right to prosecute for violation of speeding ordinances in the absence of a showing of literal compliance with such statutory requirements. See *Decatur v. Gould*, 185 Iowa 203, 170 N.W. 449 (1919). Later cases elsewhere have relaxed the requirement of literal compliance with such statutes. In *People v. Lathrop*, 3 N.Y.2d 551, 553, 170 N.Y.S.2d 326, 327, 147 N.E.2d 722, 723 (1958), the court held that the statute there was " * * substantially complied with by the placement of speed signs in such a manner and at such locations as to afford this defendant fair notice of the limits of speed within the village." See also *People v. Asherman*, 31 Misc.2d 1039, 223 N.Y.S.2d 614, 620 (1961), and *Mitchell v. Wilkerson*, 193 Va. 121, 67 S.E.2d 912, 914–915[1] (1915); 60 C.J.S. Motor Vehicles § 30, p. 234 (1969).

■ In this case, the city showed that signs had been posted which would be reasonably calculated to inform persons travelling where appellant was of the speed limit in that area. The purpose of the statute was fulfilled and the absence of literal compliance with its terms did not preclude this prosecution.

■ Appellant also argues that there was insufficient evidence to support the charge that she was driving her auto at 52 miles per hour. This contention is based upon the fact that the officer testified that he observed appellant driving at a speed in excess of the normal traffic flow. Appellant contends that testimony from the officer was required to show that she was driving

in excess of the posted limit. There was evidence that the radar unit operated by the officer and properly tested for accuracy recorded appellant's speed as 52 miles per hour. That evidence, not challenged, was sufficient to sustain the charge. 7 Am. Jur.2d, Automobiles and Highway Traffic, § 327, p. 870 (1963). *City of Kansas City v. Hill*, 442 S.W.2d 89, 92[3] (Mo.App.1969), cited and relied upon by appellant, takes note of the cumulative opinion testimony of the arresting officer, but does not require such evidence to support a conviction based upon a radar reading from a properly tested device.

Judgment affirmed.

All concur.