OPINION OF THE COURT
Edwin S. Shapiro, J.
Pursuant to a simplified traffic information issued on September 28, 1980, defendant was charged with driving at a speed of 48 miles per hour in a 30 miles per hour zone on Stormytown Road in the Town of Ossining, in violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law.
Defendant brings a pretrial motion to dismiss the information pursuant to CPL 170.30 (subd 1, par [f]).
The affidavits submitted and oral arguments made on behalf of defendant and the People concur as to the following facts:
Defendant’s vehicle was proceeding in an easterly direction on Stormytown Road, having entered the roadway from the direction of Cedar Lane. There was no speed limit sign posted on the side of Stormytown Road upon which the defendant was driving. It was possible to drive from the Cedar Lane exit on Route 9A to the point where defendant’s vehicle was spotted by radar without passing a speed limit sign other than a 24 inch by 30 inch sign on the southerly side of Cedar Lane opposite the Route 9A exit *508 ramp. That sign read “speed limit 30” and was smaller than the dimensions prescribed by section 208.8 of the State regulations (17 NYCRR 208.8). Because the sign did not read “town speed limit 30” or “area speed limit 30”, it was a “linear” rather than an “area” sign, as defined by section 208.2 of the regulations (17 NYCRR 208.2).
By reason of these stipulated facts, it necessarily follows that a motorist proceeding along the above hypothetical route to the place of occurrence would not have been notified by a posted sign that the required speed on Stormytown Road is less than the statutory State-wide speed limit of 55 miles per hour. On the other hand, if the defendant’s vehicle had entered Stormytown Road from the opposite direction on Cedar Lane, he would have been placed on notice by a properly posted “area” speed limit sign, that all streets in the town were subject to a 30 miles per hour speed limit.
The People have conceded on oral argument that they shall be unable at trial to establish from which direction on Cedar Lane the defendant entered Stormytown Road, except through the defendant’s own testimony. Since this is a quasi-criminal proceeding governed by the Criminal Procedure Law, the defendant is entitled to a presumption of innocence, and the People must prove their case beyond a reasonable doubt. Due process and the constitutional privilege against self incrimination mandate that the defendant cannot be compelled to testify against himself. His attorney has stated in open court that the defendant does not intend to waive that privilege. The court is not at liberty to override the “Rule of Law” in its desire to ferret out the truth. If it were allowed to do so the “search for truth” would be perverted by the use of an unlawful means to arrive at an apparently proper end. Our system of justice would be undermined thereby. (See, e.g., Miranda v Arizona, 384 US 436.) Under these circumstances, the court is bound, as a matter of law, to treat the facts of this case as though the defendant’s vehicle was traversing the unposted route.
A juxtaposition of subdivision (b) of section 1110 and subdivision (a) of section 1683 of the Vehicle and Traffic Law provides, in effect, that a local ordinance which pur *509 ports to establish speed limits other than the 55 miles per hour statutory speed limit may not be enforced unless proper signs giving notice are posted in conformity with the Department of Transportation official regulations. The People concede that the posted sign along the hypothetical route is smaller in size than what is required by Department of Transportation regulations (17 NYCRR 208.8) and that it is not a “Town” or “Area” speed limit sign as defined in section 208.2 of the regulations (17 NYCRR 108.2). Nevertheless, the People contend that the sign in issue does give fair notice of an area speed limit of 30 miles per hour. The court disagrees with that conclusion as it relates to this defendant and the necessarily assumed facts of this case.
The court concludes that a motorist approaching the Town of Ossining streets by way of the Route 9A exit ramp to Cedar Lane would not pass a sign properly notifying him that he was in either an area or a town in which there was a maximum speed limit of 30 miles per hour. In order to meet their burden of proof, the People must establish that the hypothetical route in issue was marked in conformity with Department of Transportation regulations (People v Churton, 67 Misc 2d 645) or, at the very least, that the signs gave this defendant fair notice of the applicable speed limit.
The People contend that they are not required to prove that defendant saw or passed a sign indicating an applicable speed limit. In support of this proposition, the People have cited People v Lathrop (3 NY2d 551) and People v Asherman (31 Misc 2d 1039). While these cases adopt a rule of “substantial compliance” as opposed to the rule of “strict compliance” as set forth by People v Longo (9 Misc 2d 171) and People v Churton (supra), there was no showing on the facts of the “substantial compliance” cases cited by the People, that the defendants were convicted on the basis of signs which were posted on streets through which they did not pass. In Lathrop (supra) no facts are stated or suggested which reveal that the “substantial compliance” did not afford the defendant actual notice of the village speed limit. In Asherman (supra) there was ample evidence of actual notice to the defendant. In People v Bur *510 mann (307 NY 871) and People v Zambito (21 Misc 2d 815, 817) the speeding convictions were upheld upon the ground that the villages had “substantially complied” with the placement of speed limit signs in such a manner and at such locations as to afford the defendants fair notice of the speed limits within the villages involved. However, there is nothing in the reported facts of these cases which equates “fair notice” with anything less than “actual notice”. In any event, this court holds that the presumption of innocence of the defendant herein cannot be overcome by a showing of “substantial compliance” which amounts to anything less than “actual notice” to this defendant.
The defendant herein was not exceeding the State speed limit, nor was he charged with driving at an unreasonable and imprudent rate of speed, pursuant to subdivision (a) of section 1180 of the Vehicle and Traffic Law. And, since the particular area in question was not correctly posted to sustain a conviction for driving 48 miles per hour in a 30 miles per hour zone, the simplified traffic information is hereby dismissed.