OPINION OF THE COURT
Stephen R. Taub, J.
A motion has been made to dismiss a uniform traffic ticket charging defendant with violating Vehicle and Traffic Law § 1180 (d) alleging that he was traveling at the rate of 43 miles per hour in a 25 miles-per-hour zone in an eastbound direction on Beverly Road in the Village of Kensington.
Defendant alleges, in an affirmation by his attorney, that the traffic sign posted by the village for the purpose of notifying motorists of the speed limit on Beverly Road in the Village of Kensington at the time of the alleged violation stated "Area Speed Limit 25 MPH”. This allegation, however, although not based upon the personal knowledge of the affirmant, is not disputed by the Village Prosecutor.
*521 Defendant contends that an area speed limit cannot be fixed at less than 30 miles per hour and, therefore, the summons is fatally defective and must be dismissed.
The village contends that the alleged speed of 43 miles per hour set forth in the summons, being substantially higher than 30 miles per hour, constitutes a prima facie basis for charging the defendant with speeding nevertheless, and seeks permission of the court to amend the summons to charge the defendant with a speed of 43 miles per hour in a 30 miles-per-hour zone.
As the defendant is challenging the sign and not the village ordinance establishing the speed limit, the court is not required to pass upon the validity of the ordinance at this time.
Section 1643 of the Vehicle and Traffic Law states, in part, as follows: "No such speed limit applicable throughout such city or village or within designated areas of such city or village shall be established at less than thirty miles per hour. No such speed limit applicable on or along designated highways within such city or village shall be established at less than twenty-five miles per hour” (emphasis added).
The aforesaid section clearly prohibits an area speed limit or village speed limit being established at less than 30 miles per hour. A linear speed limit, however, that is, the speed limit on any given road or highway, may be established as low as 25 miles per hour.
In any event, a village speed limit can be enforced only if properly posted so as to give notice to motorists. Section 1683 (a) of the Vehicle and Traffic Law states:
"No ordinance, order, rule or regulation made by any local authority under the powers conferred by this title shall be effective until signs or markings giving notice thereof are posted * * * if the effect of such order, ordinance, rule or regulation is to * * *
"15. Establish maximum speed limits other than the fifty-five miles per hour statutory maximum speed limit, or establish minimum speed limits.”
A speed limit otherwise valid is unenforceable if not properly posted. (People v Silcox, 34 Misc 2d 335; People v Stafford, 62 Misc 2d 1027; People v Hilton, 8 Misc 2d 151.) The decision of the New York State Court of Appeals in People v Lathrop (3 NY2d 551 [1958]), discussing "substantial compliance” in the posting of valid speed signs, is not on point and does not *522 require a contrary determination. In the case at bar, the signs were actually posted, but as they were improper, they failed to give notice as required by the Vehicle and Traffic Law.
In view of the foregoing, the court concludes that no purpose would be served wasting the time of the court, the defendant and the attorneys by conducting a trial. The sign reading "Area Speed Limit 25 MPH” was improper and illegal, and clearly in violation of Vehicle and Traffic Law § 1643. It was, therefore, a nullity. In effect, no sign was posted. The court cannot ignore the obvious mandate of Vehicle and Traffic Law § 1683 (a) (15) as to the unenforceability of unposted speed limits. In view of the foregoing, and with knowledge of, and great concern for, the effect this decision might have on pending trials, the court is compelled to hold that the Village of Kensington has failed to post speed signs as required, and as a result cannot enforce its speed ordinances until valid signs have been properly posted.
For the foregoing reasons, the motion is granted and the summons is dismissed.