Anthony J. Grant, Esq. Corporation Counsel, White Plains
You have asked whether a city may reduce speed limits on highways in the vicinity of churches or other private buildings which provide day care services for children.
Initially, we note that the power to control and regulate the public highways rests primarily with the State Legislature (Vehicle and Traffic Law, §§ 1603, 1604; People v Grant, 306 N.Y. 258 [1954]). A local government can legislate on matters pertaining to highways only pursuant to a specific delegation of authority from the Legislature (ibid.). Article 39 of the Vehicle and Traffic Law empowers cities and villages to regulate certain aspects of traffic within their boundaries (Vehicle and Traffic Law, §§ 1640-1645).
Section 1643 of the Vehicle and Traffic Law specifically governs speed limits within a city or village. It authorizes the city to set a city-wide speed limit no lower than 30 miles per hour (see People vStone, 138 Misc.2d 520 [Vil of Kensington Jus Ct, 1988]). In addition, section 1643 allows a city to set a speed limit on designated streets as low as 25 miles per hour (see 1974 Op Atty Gen [Inf] 273). Finally on "any portion of a highway passing a school building for not more than three hundred feet in either direction from the building line of a school abutting on the highway" the city may establish a speed limit as low as 15 miles per hour (Vehicle and Traffic Law, § 1643).
Your question is whether a reduced speed limit can be established in the vicinity of non-school buildings which render day care services.
The Vehicle and Traffic Law does not define "school building" for purposes of the 15-mile-an-hour speed limit under section 1643. It is clear, however, that the purpose of the law is to give cities discretion to lower the speed limit in order to protect children as they enter and exit school buildings. We do not believe that the Legislature intended this power to be limited to private and public elementary or secondary school buildings. The students of other facilities, whether denominated nursery schools, pre-schools or day care centers face the same potential for injury as the students of elementary and secondary schools. A municipality is authorized to take reasonable steps towards protecting these students by lowering the speed limit on the streets where these schools lie.
We note, however, that not every facility which provides these services can be considered a "school". Indeed, many private homes that are used for the care of children could not be considered "schools" in any sense of the word. Institutional settings for day care, nursery school or pre-school, however, would appear to meet the meaning of "school" under section 1643.
We conclude that a city may set a reduced speed limit on streets where day care services are provided in an institutional setting.