OPINION OF THE COURT
Alan R. Wentzel, J.
Defendant is charged with speeding in violation of Vehicle and Traffic Law § 1180 (d). Trial was held on June 28, 1989. Bronxville Police Officer Richard Bunyan testified that on April 28, 1989, at 8:30 p.m., he observed the defendant’s vehicle traveling north on White Plains Road, Bronxville, *802 near the intersection of Dusenberry Road, and recorded his speed by means of radar at 47 miles per hour. Defendant was issued a summons for violating the posted speed limit of 30 miles per hour. Officer Bunyan testified that a 30-mile-per-hour speed limit sign was posted on the northbound side of White Plains Road near Elm Rock Road. Defendant did not dispute the testimony as to his speed or the existence of the sign.
Defendant contends that the matter should be dismissed for the following reasons: first, because some streets entering the village do not have area speed limit signs posted in compliance with section 212.3 (c) (3) of the New York State Manual of Uniform Traffic Control Devices (17 NYCRR), the 30-mile-per-hour area speed limit (which encompasses the entire Village of Bronxville) is unenforceable throughout the village. Second, because the particular route taken by defendant in entering the village did not have such a sign posted, the area speed limit is unenforceable as to him. Third, in his reply brief, defendant also contended that the testimony of the police officer did not establish that the sign posted on White Plains Road conformed to the requirements of the State Manual.
Section 60.3.A of the Bronxville Village Code declares that the maximum speed throughout the village shall be 30 miles per hour. Vehicle and Traffic Law § 1643 authorized the adoption of such a speed limit applicable throughout the village. Under section 1683 (a), however, such an ordinance is not effective "until signs or markings giving notice thereof are posted”. In addition, section 1110 (b) provides: "No provision of this title for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person.” Defendant contends that this provision should be read in conjunction with section 212.3 (c) (3) of the State Manual to prohibit enforcement of an area speed limit anywhere in the village unless signs are posted at every entrance to the village. The language of section 1683 itself, however, does not so state. As the wording suggests, the purpose and intent of the law is to give a motorist fair, notice of the limits of speed within the village. (People v Lathrop, 3 NY2d 551, 553 [1958].) In the present case, Police Officer Bunyan testified that, although signs were not posted on every street entering the village, there were area speed limit signs posted at the *803 major entrances to the village on the date of the offense, including White Plains Road itself and other highways feeding into White Plains Road. In addition, the officer testified that a speed limit sign was posted on the northbound side of White Plains Road near Elm Rock Road, which is within 100 yards of the place where the defendant was stopped.
Nothing in the Vehicle and Traffic Law declares that an area speed limit is unenforceable unless signs are posted at each and every entrance to the area, nor has any case which so holds been brought to the attention of the court. Defendant relies on People v Stone (138 Misc 2d 520 [Justice Ct, Vil of Kensington 1988]) and People v Hall (108 Misc 2d 507 [Justice Ct, Town of Ossining]). Neither case is instructive in the present circumstances, however. In Stone, the posted sign disclosed an area speed limit of 25 miles per hour, which violated section 1643 of the Vehicle and Traffic Law on its face, a condition not present here. In Hall, the defendant never passed a sign giving proper notice of the speed limit on the street on which he was traveling. As noted above, the defendant here passed a 30-mile-per-hour speed limit sign on White Plains Road.
The State Manual also does not provide that an area speed limit which does not comply fully with section 212.3 (c) (3) is unenforceable under any circumstances. While the State Manual requires that signs shall be posted at each entrance to the area, the Manual also recognizes that the purpose of the law is "that motorists be given notice” (17 NYCRR 200.4 [a]), and that "it may sometimes be necessary to deviate from the locations prescribed in this manual.” (17 NYCRR 201.5 [a] [1].)
With regard to the proof as to the sign on White Plains Road, Officer Bunyan testified that the sign was a 30-mile-per-hour sign approximately one foot by two feet in size. Under the presumption established by section 1110 (d) of the Vehicle and Traffic Law, this testimony was sufficient to establish that the sign in question was a size B sign which complied with the requirements of law. (People v Lathrop, supra; People v Northrup, 142 Misc 2d 973 [Justice Ct, Vil of Bronxville 1988].)
The court finds that the posting of speed limit signs both at the principal entrances to the village and on White Plains Road itself in close proximity to the point where defendant was stopped gave fair, indeed actual, notice of the village speed limit to motorists, including defendant, at that time and *804 place. In People v Hirschfield (41 Misc 2d 400 [White Plains City Ct 1963]), the court held that the posting of signs at the principal entrances to the city was sufficient compliance with section 1683 of the Vehicle and Traffic Law. The posting of signs which give actual notice of the speed limit is sufficient to uphold speeding convictions. (See, People v Hall, supra, at 510; People v Paluck, 24 Misc 2d 935 [Oneida County Ct 1960].)
The foregoing discussion also disposes of defendant’s second contention. Defendant testified that he entered the village by traveling north on Gramatan Avenue, Mount Vernon, east on Devonia Avenue, and north on Central Parkway, Mount Vernon, until it intersected with Sturgis Road at the Bronxville border, where, he claimed, no area speed limit sign was posted. He testified that he then proceeded along Sturgis Road to White Plains Road, where he continued north until stopped by Officer Bunyan. Aside from the fact that there is no intersection of Central Parkway and Sturgis Road, the route described by defendant is so circuitous, compared with more direct routes with which defendant was familiar, as to lend question to his credibility. Nevertheless, even by the defendant’s testimony, it is clear that he passed a posted speed limit sign while traveling north on White Plains Road shortly before the place where he was stopped.
The defendant is found guilty and is directed to deliver the conviction stub of his driver’s license to the clerk’s office.