The People of the State of New York, Respondent,
against
Timothy Chittenden, Appellant.



Appeal from eight judgments of the City Court of Rye, Westchester County (Brian Hansbury, J.), rendered January 29, 2014. The judgments convicted defendant, after a nonjury trial, of three charges of failing to obey a traffic control device, three charges of failing to signal before turning, operating an unregistered motor vehicle, and failing to wear a seatbelt while operating a motor vehicle, respectively.




ORDERED that the three judgments convicting defendant of failing to signal before turning and the judgment convicting defendant of failing to wear a seatbelt while operating a motor vehicle are affirmed; and it is further, 
ORDERED that the three judgments convicting defendant of failing to obey a traffic control device and the judgment convicting defendant of operating an unregistered motor vehicle are reversed, on the law and facts, and the accusatory instruments charging those offenses are dismissed.
Insofar as is relevant to this appeal, after a traffic stop of the vehicle defendant was driving on January 1, 2012, eight simplified traffic informations were filed charging defendant with failing to obey a traffic control device (Vehicle and Traffic Law § 1110 [a]) by traveling in excess of the posted speed limit (three charges), failing to signal before turning (Vehicle and Traffic Law § 1163 [d]) (three charges), operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1]), and failing to wear a seatbelt while operating a motor vehicle (Vehicle and Traffic Law § 1229-c [3]), respectively. Following a nonjury trial, defendant was convicted of the aforementioned charges.
On appeal from the eight judgments of conviction, defendant contends, among other things, that this court should conduct a de novo review of the facts and reverse the judgments of conviction and dismiss the accusatory instruments since the City Court failed to provide findings of fact to support its decision as required by CPLR 4213 (b) or, in the alternative, remit the matter for a new trial.
Defendant's CPLR 4213 (b) contention lacks merit. Nevertheless, as a matter of discretion in the interest of justice, we have reviewed the evidence based on our "jurisdiction to consider any question of law involving error or defect in the criminal court proceedings which may have adversely affected the appellant' . . . regardless of whether the question is raised on appeal" (People v Badine, 301 AD2d 178, 180 [2002], quoting CPL 470.15 [1]; see CPL 470.35 [1]; Matter of Stagnar v Stagnar, 98 AD2d 983, 984 [1983]).
We find that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was legally insufficient to establish defendant's guilt, beyond a reasonable doubt, of the three charges of failing to obey a traffic control device. Vehicle and Traffic Law § 1110 (a) requires that "every person shall obey the instructions of any official traffic-control device," which includes a speed limit sign (Vehicle and Traffic Law § 153). At the trial, a police officer merely testified that there are signs posting a maximum 30 miles per hour speed limit at the entrance to the City of Rye, or along the border of Rye by Mamaroneck [*2]and Harrision, without any further elaboration. As we stated in People v Gbadebo (50 Misc 3d 141[A], 2016 NY Slip Op 50200[U], *2-3 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]):
" Normally, it is necessary for the People, as part of their direct case, . . . to prove that "the Vehicle and Traffic Law was substantially complied with by the placement of speed signs in such a manner and at such locations as to afford [a] defendant fair notice of the limits of speed" ' (People v Kennedy, 49 Misc 3d 138[A], 2015 NY Slip Op 51564[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015], quoting People v Lathrop, 3 NY2d 551, 553 [1958]; see also People v Tortora, 21 Misc 3d 146[A], 2008 NY Slip Op 52564[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]) . . . . In a case of failing to obey a traffic control device, such as the one before us, even if the traffic control device is a sign setting forth a maximum speed of [30] miles per hour, the People must establish that defendant had notice of the sign, generally, by testimony as to the location, description, and observability of the sign alleged to have been disobeyed (see People v Cooper, 112 Misc 2d 277, 280 [Town of Rhinebeck Justice Court 1981]; Joseph R. Carrieri, Practice Commentaries, McKinney's Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 1110) and that the sign substantially complied with the statutory requirements (see People v Guthrie, 25 NY3d [130,] 140 [2015]; People v Lathrop, 3 NY2d at 553). Merely categorizing the device disobeyed is insufficient."
Consequently, the three judgments convicting defendant of failing to obey a traffic control device are reversed and the accusatory instruments charging those offenses are dismissed.
The sole evidence presented at trial to establish that defendant was operating an unregistered motor vehicle was the police officer's testimony that she had called defendant's license plate number into headquarters and had been informed that the vehicle's registration had expired. Such unsubstantiated hearsay testimony was legally insufficient to establish defendant's guilt, beyond a reasonable doubt, of operating an unregistered vehicle. Consequently, the judgment convicting defendant of that offense is reversed and the accusatory instrument charging that offense is dismissed.
The evidence adduced at trial, viewed in the light most favorable to the People (see People v Contes, 60 NY2d at 621), however, was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of the three charges of failing to signal before turning, and the charge of failing to wear a seatbelt while operating a motor vehicle. At trial, the police officer testified that she had observed defendant turn his vehicle, without signaling, from Glendale Road onto North Street, from North Street onto Theodore Fremd Avenue, and from Theodore Fremd Avenue onto Hammond Road. The officer further testified that she was able to observe that defendant was not wearing a seat belt when he turned onto Theodore Fremd Avenue from North Street. 
Defendant's remaining contentions have no merit.
Accordingly, the three judgments convicting defendant of failing to signal before turning and the judgment convicting defendant of failing to wear a seatbelt while operating a motor vehicle are affirmed, and the three judgments convicting defendant of failing to obey a traffic control device and the judgment convicting defendant of operating an unregistered motor vehicle are reversed, and the accusatory instruments charging those offenses are dismissed.
Marano, P.J., Tolbert and Brands, JJ., concur.
Decision Date: August 01, 2016